## YOUNG et al. v. EATON.

No. 10149—Opinion Filed June 14, 1921.

(Syllabus.)

1. Damages—Measure—Breach of Contract —Statutes.

For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin. Section 2852, Revised Laws of Oklahoma, 1910.

2. Same—Contract to Furnish Ensilage Cutter.

When, in spring of the year, a person purchases a silo to be erected on his farm for use that summer or fall, and the agents for the company manufacturing the silo contract to furnish the purchaser an ensilage cutter at a stipulated price per ton for cutting the silage, but fail upon demand to furnish such cutter, the measure of damages is the difference between the value of the material or silage, the cost of putting it in the silo, and what the ensilage would have been worth at the usual feeding time for such ensilage during the winter following.

3. Evidence—Parol Evidence Varying Terms of Written Contract—Separate Oral Contract in Sale of Silo.

When a person in purchasing a silo enters into a written contract with the company specifying the kind of silo purchased, conditions of warranty, and terms of payment, and at the same time the agents of the silo company, for the purpose of inducing the purchaser to buy, orally contract to furnish an ensilage cutter at a stipulated price per ton to be used by the purchaser during the season for putting up the ensilage, proof of such oral contract does not tend to vary the terms of the written instrument between the silo company and the purchaser.

4. Appeal and Error—Review—Questions of Fact—Verdict.

When there is any competent evidence reasonably tending to support the verdict of the jury, it will not be disturbed on appeal.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by J. C. Eaton against E. F. Young and M. O. Swan, to recover damages for breach of a contract. Judgment for the plaintiff, and defendants appeal. Affirmed.

W. H. Bassman and H. Tom Kight, for plaintiffs in error.

John M. Goldesberry, George W. Boone, and H. Jennings, for defendant in error.

MILLER, J. This action was commenced in the district court of Rogers county by J. C. Eaton, as plaintiff, against E. F. Young and M. O. Swan, as defendants, to recover damages arising from the breach of a contract to furnish an ensilage cutter. The case was tried to a jury, which returned a verdict in favor of the plaintiff for $375. The court rendered judgment on the verdict, to reverse which the defendants prosecuted

this appeal. The parties will be referred to as they appeared in the court below.

The plaintiff, in his petition, alleges the defendants were in business at Oolagah and were agents for the Indiana Silo Company. That during the month of March. 1913. the plaintiff purchased a silo of the Indiana Silo Company through the defendants as such agents. Said silo was of a capacity of 200 tons. The defendants agreed with the plaintiff that if he would purchase the silo, they would have an ensilage cutter and would hire it to him for his use at the proper time to fill said silo for an agreed charge of 25 cents per ton. He agreed with the defendants that he would hire the said cutter and pay the agreed price therefor, and with this understanding and agreement he purchased the silo and had the same erected on his farm near Oolagah. During the month of August, 1913, the plaintiff went to the defendants for the purpose of getting the ensilage cutter and was then and there informed they did not have a cutter; that some time prior thereto they had one, but sold it and they could not furnish him with a cutter. He therefore tried to obtain a cutter from other sources, but was unable to do so. One cutter could have been obtained, but it was across the river from plaintiff's farm and could not be moved across the bridge.

The defendants demurred to the petition, which demurrer was overruled. They then filed an answer, denying specifically the allegations in the petition, and set up as an affirmative defense, that the contract for the sale of the silo was in writing, and that the oral contract to furnish the cutter was an attempt to vary the terms of the written instrument. The defendants make numerous assignments of error. Many of these are waived, because not discussed in their brief. They say that plaintiff's petition does not state a cause of action and the trial court committed error in overruling the defendants' demurrer, but they do not point out in what particular it failed to state a cause of action. We have examined the petition, and conclude that it does state a cause of action.

They make a general complaint about the instructions given by the court to the jury, but they do not point out any specific error in the instructions. Neither do they point out any specific instruction that should have been given that was not given. We have examined the instructions, and are of the opinion that they fairly cover the case and state the law.

The only real contentions made by the defendants in their brief is that the plaintiff proceeded on the wrong theory as to his measure of damages; that the alleged oral contract was an attempt to vary the terms of the written contract; and that the verdict of the jury is against the weight of the evidence, or not sustained by the evidence. We will dispose of these contentions in the order above named.

Defendants contend that plaintiffs have proceeded on the theory of loss of profits. This is a very strained theory and is not borne out by the record. The plaintiff alleges that the cost of the material for silage and labor, including cost of cutting and machinery and all help necessary to have filled the silo with silage in the fall of 1913, would have been $432; that this silage feed was worth $7 per ton, or $1,400 for the 200 tons. The plaintiff's petition says: "This would have left plaintiff a profit on the said silage feed of $968.00." The fact that the plaintiff used the word "profit" instead of "difference in value" is not material; that was merely the pleader's way of expressing it. The facts alleged in the petition disclosed there was a difference of $968 between the cost of the material from which the silage would be made, the manufacturing of it into the ensilage, and the market value of the ensilage during the winter of 1913 and 1914.

The defendants in their brief, state:

"Unless the plaintiff told the defendants at the time this contract is alleged to have been made, that he would raise feed for the purpose of filling the silo, or purchase feed for that purpose, or that he had or would do these things, and told the defendants that he wanted the cutter for the purpose of cutting such feed for the purpose of filling the silo, these defendants could not be held to respond in damages under any consideration."

We do not know of any purpose a farmer or stockman has in erecting a silo on his farm or any use to which it is to be put except for the purpose of providing ensilage as a feed. It cannot be presumed that the agents of a firm manufacturing silos were selling the silos to the farmers for any other purpose than that for which the silos were manufactured and intended to be used. Under this contention of defendants one would necessarily presume the defendants, as agents of the silo company, thought the plaintiff was having the silo erected as an ornament on his farm. The defendants are presumed to have contracted with the plaintiff with the view that plaintiff would use the silo that summer or fall to put ensilage in.

The measure of damages is as stated in section 2852, Revised Laws of Oklahoma, 1910.

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

Defendants have cited several Oklahoma authorities, but the only one applicable is Mackey v. Boswell, 63 Okla. 20, 162 Pac. 193. Paragraph 2 of the syllabus reads:

"Loss of profits in being unable to plant, cultivate, and harvest a crop, if within the contemplation of the parties at the time a contract is made, and if such a loss or damage as flowed directly or proximately from the breach of such contract, and if capable of accurate measurement or estimate, is recoverable in an action for damages for the breach of such contract."

In our opinion plaintiff's theory of the measure of damages was correct and the court submitted it to the jury under proper instructions.

Defendants next contend that the contract for the sale of the silo was in writing, and this being an oral contract, evidence could not be introduced tending to vary the terms of the written instrument. They have introduced in evidence a written contract between the Indiana Silo Company and plaintiff. This contract specifies the kind of a silo the plaintiff was purchasing, its dimensions, the kind of material with which it was to be constructed, the warranty of the material, the price and terms of payment. It is presumed this contract included all of the negotiations between the Indiana Silo Company and the plaintiff. There is no such presumption that it included all oral negotiations between the plaintiff and these defendants. Proof of an oral agreement between the plaintiff and these defendants did not in any way alter or vary the terms of the written contract with the Indiana Silo Company.

Defendant Swan testified that during each of the several conversations between himself and the plaintiff leading up to the purchase of the silo by the plaintiff, the question of an ensilage cutter was discussed. He further admitted on the witness stand that on the evening the contract for the purchase of the silo was closed Eaton said that unless he could make arrangements for a cutter he had no use for the silo and would not buy one. We think the evidence was properly admitted to prove the oral agreement. The profits or prospective profits accruing to the defendants by the sale of the silo to the plaintiff are sufficient consideration to support the contract.

We have examined the evidence and think it was sufficient to take the case to the jury. The jury having found in favor of the plaintiff, and there being evidence reasonably tending to support the verdict, following a long line of decisions by this court, the verdict of the jury will not be disturbed. The judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.