## SMITH MOTOR CO. v. BUTTON.

No. 13614—Opinion Filed March 11, 1924.

Rehearing Denied June 17, 1924.

**1. Appeal and Error—Questions of Fact— Verdict.**

In the trial of an action at law, in the submission of an issue of fact to the jury under proper instruction from the court, on appeal this court will not reverse the judgment if there is any competent testimony that reasonably tends to support the verdict of the jury.

**2. Judgment Sustained.**

Record examined; held, there is sufficient competent evidence to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Tulsa County; Z. I. J. Holt, Judge.

Action by P. A. Button against Smith Motor Company, for breach of warranty and damages in the sale of personal property. Judgment for plaintiff. Defendant brings error. Affirmed.

Woodward & Westhafer, for plaintiff in error.

Robinett & Ford, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff for cause of action alleges that the defendant sold and delivered to him a certain truck representing the same to be of a certain condition and quality, which representation proved to be false and untrue. The petition of the plaintiff, in substance, stated a cause of action for breach of warranty and further alleged the return of the truck to the defendant. As a part of the purchase price the plaintiff delivered a certain automobile to the defendant, which the latter refused to return to the plaintiff at the time of the return of the truck. It appears that the defendant had previously sold the automobile and was unable to make the return and also refused to compensate the plaintiff for the reasonable value of the automobile. The plaintiff alleged the reasonable value of the automobile to be in the sum of about $1,000. The defendant filed its general denial and in a trial of the cause to the jury, verdict and judgment went for the plaintiff in the sum of $500. The defendant has appealed the cause to this court and assigns several of the proceedings had in the trial court as error for reversal. The principal errors assigned are:

(a) Failure of the trial court to sustain the defendant's motion to make petition more definite and certain in that plaintiff be required to show the value of the automobile as agreed to between the parties in allowing the same as a credit on the truck.

(b) The admission of incompetent testimony to prove the value of the automobile.

(c) Insufficiency of testimony to support the verdict of the jury.

(d) Error of the court in its instruction to the jury.

It was not error to overrule defendant's motion to require the plaintiff to show the value agreed to between the parties as to the value of the automobile for the purpose of crediting the same on the purchase price of the truck. This was purely a question of evidence and not of pleading.

In the course of the trial plaintiff testified that the value of the automobile delivered to the defendant was in the sum of about $1,000. The plaintiff was not properly qualified to testify as to the value of the automibile and his evidence as to the value was incompetent. However, the plaintiff did testify that the agreed value of the automobile for the purpose of allowing the car as a credit on the purchase price of the truck was in the sum of $450. This evidence was competent under all circumstances of this case to be considered by the jury in arriving at the value of the car. The defendant received the custody of the automobile and was in a position to show the condition of the car in which it was received and controvert the value which the plaintiff testified was fixed between the parties for the purpose of the sale of the truck. The question of the competency or incompetency of the testimony in the proof of the value of personal property is measured and determined principally by the circumstances surrounding the particular case under consideration. If a witness is not properly or sufficiently qualified to testify as to the value of certain personal property, a verdict resting entirely upon such testimony ordinarily would not be permitted to stand. But there being some competent testimony introduced in this case, under all the circumstances involved in this case, and in view of the fact that the verdict of the jury was only $50 in excess of the value agreed to between the parties for the purpose of a credit, we feel there is some competent evidence which reasonably and sufficiently supports the verdict of the jury. In the trial of a law case if there is any competent testimony that reasonably tends to support the verdict of the jury it will not be reversed on appeal in this court. Long v. Williams, 11 Okla. 562, 69 Pac. 882; C., R. I. & P. Ry. Co. v. Mitchell, 19 Okla. 579, 101 Pac. 850; Covington v. Fisher, 22 Okla. 207, 97 Pac. 615; Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The plaintiff having returned the truck, if there was a breach of warranty he was entitled to the return of his automobile or the value thereof. The court applied the proper measure of damages in this case. An examination of the instructions show that the jury was properly instructed in the consideration of the issue involved in the trial of this cause.

Therefore, it is recommended that the judgment in all matters be affirmed.

By the Court: It is so ordered.