## ST. LOUIS & S. F. RY. CO. v. MAY.

No. 15408—Opinion Filed June 2, 1925.

**1. Carriers — Cattle Shipment — Contract Obligation to Transport Safely and Promptly.**

A shipper's contract for the carriage of cattle to market imposes the duty upon the railway to transport the cattle to their destination in a safe condition, within a reasonable period of time.

**2. Same — Reasonable Time for Movement of Cattle—How Determined.**

The number of cattle constituting the particular shipment, the general movement of cattle from the territory in which the shipment originates, the general movement of cattle over the carrier's line to market the volume of traffic moving over the line, the

available equipment for the movement of the freight, and the extent of railway equipment ordinarily required to transport the general traffic, are elements which enter into the question of determining the reasonable period of time which the railway should require to move some particular shipment of cattle to market.

**3. Same — Negligent Delay and Injury — Prima Facie Case.**

The shipper makes but a prima facie case of negligence to go to the jury when he makes a showing that the cattle did not reach the market in a reasonably sound condition, within that period of time ordinarily required by the carrier to transport such a shipment to its destination.

**4. Same—Defense—Burden of Proof.**

Thereupon the burden shifts to the defendant to show that the cattle moved upon a schedule to the market within a reasonable length of time, under all of the conditions and circumstances, applying to the movement of the shipment.

**5. Same—Recovery of Damages Sustained.**

Record examined; held, to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by R. E. May for damages growing out of a shipment of cattle to Kansas City, transported by the St. Louis & S. F. Ry. Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, Stuart, Sharp & Cruce, and W. T. Stratton, for plaintiff in error.

Walter E. Latimer for defendant in error.

Opinion by STEPHENSON, C. The plaintiff, R. E. May, commenced his action for damages against the St. Louis & S. F. Ry. Company on account of delay upon the part of the latter in the movement of a shipment of cattle from Scullin, Okla., to Kansas City. The trial of the cause resulted in judgment for the plaintiff. The defendant has appealed the cause to this court and assigns several of the proceedings had in the trial of the cause as error for reversal here.

The ordinary and usual shipper's contract in writing constitutes the agreement between the parties involved in this action. The carrier loaded two cars of cattle for the plaintiff at Scullin, Okla., and started the movement of the shipment from that station about 12 o'clock noon, on August 29th. The car-

rier transported the shipment a distance of about 130 miles to Sapulpa, where the cattle were unloaded at about six o'clock in the evening for water and feeding. It appears that the plaintiff and one or two other parties, who were shipping cattle, believed and were told that the shipment of cattle would move out of Sapulpa that evening about nine o'clock, en route to Kansas City. The plaintiff was directed to board the caboose of a certain freight train departing from Sapulpa for Afton, Okla., that evening. The other parties traveled with the plaintiff on the freight train and arrived at Afton about four o'clock the morning of the 30th.. The plaintiff went down to the stock yards to see about his cattle and for the first time discovered that the shipment had not been moved in the train the plaintiff traveled on to the latter point. The plaintiff made inquiry and found that the shipment of cattle was in the stock pen at Sapulpa. The plaintiff testified that he did not instruct the defendant to unload the cattle for feed and water at Sapulpa. The shipment was moved from Sapulpa about nine o'clock in the evening of August 30th, and reached Afton the morning of the 31st. The cattle were moved out of Afton the morning of the 31st, and reached Kansas City about ten o'clock in the evening of August 31st. The plaintiff further testified that the cattle depreciated in weight on account of being detained in the stock pen at Sapulpa for about 25 hours; that the cattle market was daily declining at Kansas City during the days in question; that the market on the morning of September 1st had declined about 25 to 50 cents per hundred under that of the morning of August 31st. The plaintiff alleged in this connection that the defendant did not move the cattle from Scullin to Kansas City within that period of time ordinarily required and used by the railway in transporting such shipments to Kansas City. The plaintiff testified that the defendant ordinarily moved shipments from Scullin to Kansas City, in about 35 to 45 hours. The defendant did not offer any testimony that the plaintiff instructed it to unload, feed, and water the cattle at Sapulpa. The defendant gave no reason for not moving the cattle from Sapulpa on the train on which the plaintiff traveled, in the evening of August 29th. The defendant further testified that it moved a special shipment of ten or fifteen cars of cattle, from the vicinity in which plaintiff's shipment originated to Kansas City, without unloading, feeding, or watering. The substance of the evidence between the parties is: (1) On the part of the plaintiff, that shipments of cattle ordinarily move over defendant's line from the vicinity of Scullin to Kansas City within about 35 to 40 hours, and that he did not instruct the defendant to unload, feed, and water the cattle at Sapulpa. (2) The testimony on the part of the defendant is that it unloaded the cattle a Sapulpa without instruction from the plaintiff on the evening of August 29th, and started the cattle to market from Sapulpa about 9 o'clock in the evening of August 30th.

The defendant did not offer any evidence showing that it could not have moved the cattle from Sapulpa in the freight train on which the plaintiff traveled from Sapulpa, in the evening of August 29th. The defendant did not undertake to show that it exercised ordinary care, or that the shipment was given reasonable movement. The defendant contented itself to show that the train which moved from Sapulpa at 9 o'clock in the evening of August 30th, was the first train traveling in the direction of the market, after the evening of August 29th. The defendant did not undertake to show that the movement was reasonable under all the conditions affecting the shipment. What would constitute a reasonable movement is a question of law and fact. The number of cattle constituting the particular shipment, the general movement of cattle from the territory from which the shipment originates, the general movement of cattle over the carrier's line to market, the volume of traffic moved over the line; the available equipment for the movement of freight and traffic, and the extent of equipment ordinarily required to move the general traffic over the carrier's line, are elements which enter into the question of determining the reasonable period of time in which the carrier ought to have moved the particular shipment from the originating point to its destination.

The ordinary and usual shipper's contract, as is involved in this case. imposes the duty upon the carrier to transport the cattle from the originating point to the market, in a safe condition, within a reasonable period of time. When the plaintiff offers testimony showing that the cattle did not move from the originating point to market within the period of time ordinarily required by the carrier to transport the shipment, and that the cattle did not arrive at the market in a safe and sound condition, a prima facie case of negligence is made out by the plaintiff to go to the jury. Thereupon the burden shifts to the defendant to show by competent evidence that it moved the cattle from the originating point to the market within a reasonable length of time, under all the cir-

cumstances and conditions applying to the particular shipment. The defendant did not offer any evidence to show that the movement of the cattle in and out of Sapulpa was within a reasonable length of time under all the conditions and circumstances as applied to this case. The evidence offered by the respective parties in the trial of this case made out a question of fact to go to the jury as to the defendant's negligence. St. L. & S. F. Ry. Co. v. Shepard, 40 Okla. 589, 139 Pac. 833.

A judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal if there is any competent evidence reasonably tending to support the verdict. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

We think there is sufficient competent evidence to support the verdict of the jury for damages in favor of the plaintiff and against the defendant. The issues were fairly submitted by the court in its instruction to the jury.

It is recommended that the judgment of the court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 10 C. J. p. 286. (2) 10 C. J. p. 287. (3) 10 C. J. p. 301. (4) 10 C. J. p. 301. (5) 10 C. J. p. 304.