## NORRIS et al. v. BLEVINS.

No. 15432—Opinion Filed June 9, 1925.

Rehearing Denied Sept. 8, 1925.

**1. Appeal and Error—Review of Evidence in Equity Case.**

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same unless it be clearly against the weight of the evidence.

**2. Same—Judgment not Sustained.**

Record examined; held, to be against the clear weight of the evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by Alma H. Norris et al. against D. L. Blevins to quiet title to real estate and partition the several interests therein among the parties to the action. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

T. R. Wise, for plaintiffs in error.

Arthur Leech, for defendant in error.

Opinion by STEPHENSON, C. Alma H. Norris and three of her brothers, children of J. J. Long, deceased, commenced their action against D. L. Blevins to quiet title in the real estate described in the petition, and to partition the same among the parties to the action as their interests appear therein. The trial of the cause resulted in judgment in favor of the defendant. Plaintiffs have appealed the cause and seek reversal upon the grounds: First: that the judgment is contrary to law; second, that the judgment is contrary to the evidence.

M. M. Brant purchased the land involved

In this action from J. J. Long, about the year 1906. The record does not show whether the purchase was in writing or not. Brant went into possession of the premises and continued to live thereon until his death about the year 1909. Brant executed and delivered his mortgage and notes upon the premises to J. J. Long to secure the purchase price thereof. Brant's widow, Alice Brant, and the plaintiffs in this action continued to live on the premises until about the year 1912. Alice Brant executed and delivered the notes and mortgage on the premises, after the death of her husband, to J. J. Long, to renew the payment of the purchase price for the land. It appears that in the latter part of the year 1911 the land was deeded from J. J. Long to Alice Brant; from Alice Brant to O. N. Stewart; from the latter to D. L. Blevins. The defendant sets forth in his answer that he paid mortgages on the land at the time he received his deed, totalling about $2,-100; that the mortgages were given by the Brants to Long to secure the unpaid purchase price. The effect of these allegations, coupled with the mortgage appearing on record from M. M. Brant to J. J. Long, was to charge the defendant with notice that M. M. Brant was the owner of the land at the time of his death. Blevins was thereby charged with notice that Alice Brant was the owner of an undivided one-third interest, and the two-thirds interests were owned by the five children, four of whom are plaintiffs in this action.

The four plaintiffs had acquired the other child's interest prior to the commencement of this action, and they were the owners according to their claims of an undivided two-thirds interest in the property.

The deed from J. J. Long to Alice Brant carried an undivided one-third interest therein to Alice Brant, in her own right, and two-thirds interest in trust, for the five children. The notice, as shown by this record, to D. L. Blevins resulted in the latter taking a good title to an undivided one-third interest, and title in trust of two-thirds interest for the five children. Blevins was the holder of the undivided two-thirds interest, in trust, for the five children at the time of the commencement and trial of this action.

The 15 year statute of limitations applies to the heirs of M. M. Brant and their rights were not barred at the time the action was commenced. The estoppel does not apply to the children of the deceased, as they were not parties to the transaction. The judgment in favor of the defendant was against the clear weight of the evidence. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

D. L. Blevins should be decreed to be the owner of an undivided one-third interest in the land, and each of the plaintiffs should be decreed to be the owner of an undivided four-fifths of two-thirds interest in the property. An accounting should be had among the parties to the action. Judgment should be entered in favor of D. L. Blevins for two-thirds of the amount of the mortgages paid to Long, as the purchase price of the land for the Brants. The defendant should also be awarded judgment for two-thirds of the taxes paid upon the property during his possession of the same. The defendant should be allowed two-thirds of the value and cost of the lasting and valuable improvements made upon the property after he acquired the same. The plaintiffs should be allowed a recovery of four-fifths of two-thirds of the rental value of the land during the possession thereof by the defendant.

It is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 897, 898. (2) 4 C. J. p. 902.