# COMSTOCK & SMEDLEY v. BROWN.

No 15980—Opinion Filed Oct. 27, 1925.

Rehearing Denied Dec. 1, 1925.

### 1. Appeal and Error—Review — Sufficiency of Evidence in Law Action.

A judgment of the court based upon the verdict of the jury, in a law action, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury.

### 2. Same—Judgment Sustained.

Record examined; held, to support the judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Mattie W. Brown against Comstock & Smedley. Judgment for plaintiff, and defendants bring error. Affirmed.

E. M. Connor, for plaintiffs in error.

D. B. Crewson, for defendant in error.

Opinion by STEPHENSON, C. Mattie W. Brown commenced her action in the district court of Tulsa county, against Comstock & Smedley for damages. The petition alleged that the plaintiff was the owner of a residence in the city of Tulsa, and that she occupied the property as her place of residence; that there were several cherry and peach trees of about four years growth on the property, and shrubbery and flowers; that the defendants excavated a deep sewer ditch along and by her property by the use of dynamite and engines and machinery; that the defendants negligently caused the blasting of the rock from the ditch to be done without placing mats across the top of the ditch, which resulted in stones falling on to the roof of the house and damaging the same; that the defendants negligently placed heavy charges of dynamite in making the blasts, which jarred and partially wrecked the house of the plaintiff to her damage in about the sum of $550; that the fumes from the gas burned in the engines, and the heat from them, killed the trees and shrubbery situated on the premises. Plaintiff alleged that the damages to her fruit trees and shrubbery and flowers amounted to about $500. The trial of the cause resulted in judgment in favor of the plaintiff in the sum

of $825. The defendants filed their motion for new trial, and at the time of the hearing, the court stated that the verdict was excessive to the extent of $275. The court stated to the attorney for the plaintiff that unless he entered a remittitur for that sum, the verdict would be deemed excessive, and motion for new trial granted. The remittitur was entered by the plaintiff, which left a judgment of $550, from which the defendants have appealed to this court.

The main errors assigned by the defendants for reversal are: (1) That the verdict of the jury was contrary to the evidence. (2) That the verdict of the jury was contrary to the law. The assignments mainly present the question of the sufficiency of the evidence to support the verdict of the jury.

The testimony of the plaintiff was to the effect that the trees and shrubbery were of healthy growth at the time the work commenced, and that after the engines were operated near the trees, they had the appearance of being scalded, and soon died. The defendants did not offer any evidence to show that the trees died from a cause other than that assigned by the plaintiff. The plaintiff offered evidence as to the manner in which the blasting was done, and the nature and extent of the damages to her home. The court fairly submitted the issues to the jury. The court in ordering the remittitur and overruling the motion for new trial, after the plaintiff had reduced the amount of her judgment, approved the verdict of the jury. There is competent evidence which reasonably tends to support the verdict of the jury. A judgment of the court based upon the verdict of the jury, in a law action, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

It is recommended that the judgment of the court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 854 §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 1120, §3122.