## BLACKWELL PUBLISHING CO. v. STEINBERGER et al.

No. 15976—Opinion Filed Oct. 27, 1925.

**1. Appeal and Error—Review — Sufficiency of Evidence in Law Action.**

A judgment of the court, reached in the trial of a law action to the court, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment.

**2. Same—Judgment Sustained.**

Record examined; held, to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kay County; Claud Duval, Judge.

Action by A. Steinberger against the Blackwell Publishing Company et al. Judgment for plaintiff, and Blackwell Publishing Company brings error, joining Steinberger and J. C. Wilson as defendants in error. Affirmed.

Bellatti & Brown, for plaintiff in error.

Steinberger & Wiley, for defendant in error, A. Steinberger.

Opinion by STEPHENSON, C. Abe Steinberger was the owner of printing equipment in the city of Blackwell in June, 1918. The owner leased the equipment to E. H. Young on the latter date until January 1, 1919.

The plaintiff entered into a contract for the sale of the printing equipment to Harness & Payne on December 12, 1918, subject to the lease, and with the understanding that the property would be delivered to the purchasers on January 1, 1919.

It appears from the evidence of the plaintiff that he was notified by an officer of the Blackwell Publishing Company, along in the first days of January, 1919, that the publishing company desired to purchase the printing plant, if the interest of all parties could be adjusted. The plaintiff came to Blackwell in the first days of January, 1919, and met one Wilson, who was manager of the Blackwell Publishing Company, and also a party by the name of Darling, who was then the president of the same company. The interests of Harness & Payne were adjusted in the property. It appears that the Blackwell Publishing Company was at the time in possession of and using the property in its printing plant. Wilson paid the plaintiff $700 in cash, and executed his notes for $2,000 payable to the plaintiff, and also executed a chattel mortgage upon the property to secure the payment of the two notes given in part payment for the property. Wilson made default in the payment of the notes, and thereafter, the plaintiff commenced an action against the Blackwell Publishing Company and J. C. Wilson to recover judgment for the debt and to foreclose the mortgage.

The Blackwell Publishing Company answered that Harness & Payne sold the property to J. C. Wilson and that the publishing company purchased the property from J. C. Wilson on December 21, 1918, and that the publishing company did not authorize Wilson to execute the mortgage upon the property to secure the payment of the $2,000 indebtedness, nor know anything about the execution of the mortgage by Wilson on January 10, 1919; that Wilson was not authorized to act for the corporation in executing the mortgage upon the property; that the indebtedness was that of Wilson and not of the publishing company.

The contention of the publishing company is that it purchased the property from J. C. Wilson free and clear from any claims of the plaintiff, for a valuable consideration. The contention of the plaintiff is that the publishing company, by its president, authorized Wilson to execute and deliver the notes and mortgage, and that the corporation is bound for the indebtedness. The evidence of the plaintiff is that he did not know

of the sale of the property or delivery of the property from Harness & Payne to Wilson, and did not know that the Blackwell Publishing Company was claiming the property as a purchaser from J. C. Wilson at the time of the execution of the notes and mortgage. Darling, who was president of the Blackwell Publishing Company at the time of the transaction, testified that he and Wilson purchased the property from A. Steinberger for the Blackwell Publishing Company, and that J. C. Wilson was authorized to execute the notes and mortgage for the publishing company as agent for the corporation, since the property was being purchased through Wilson. The testimony further shows that Darling dictated the form of mortgage and prepared the notes, which Wilson executed and delivered to the plaintiff. Seven hundred dollars in cash was paid to the plaintiff by Wilson in the presence of Darling, from the funds of the publishing company, pursuant to the transaction in relation to the purchase of the property and the giving of the mortgage. If we take the testimony of Darling, who was then president of the publishing company, as being true, it shows that the publishing company purchased the property from the plaintiff and intended for the mortgage to be given upon the property to secure the purchase price to the plaintiff. The right of plaintiff to recover rests upon the issues of fact being found in his favor. There is sufficient competent evidence to support the judgment in favor of the plaintiff. If there is any competent testimony, which reasonably tends to support a judgment found in favor of a party to a law action, it will not be reversed upon appeal. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The issues were fairly tried between the parties, and there is sufficient competent evidence to support the judgment in favor of the plaintiff.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879, §2853; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 1129, §3122.