## HARTSOG v. QUINTAL.

No. 15434—Opinion Filed Feb. 2, 1926.

### 1. Appeal and Error—Review—Sufficiency of Evidence in Law Action.

A judgment of the court reached in the trial of a law action will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment.

### 2. Same—Judgment Sustained.

Record examined; held, to support judgment in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Noble County; Claude Duval, Judge.

Action by Wm. Quintal against Clara Hartsog for possession of real estate and damages for the unlawful holding thereof. Judgment for defendant upon her cross-action, and she appeals. Affirmed.

Henry S. Johnston and W. A. Smith, for plaintiff in error.

Gasper Edwards, for defendant in error.

Opinion by STEPHENSON, C. A contract in writing was entered into between Wm. Quintal, as the first party, and Clara Hartsog, as the second party. The substance of the contract was that the first party agreed that the second party should go into possession of certain real estate owned by the former and situated in the town of Perry, Okla. The second party agreed to make certain improvements upon the building within 90 days from the date of the contract, for which she was to enjoy the possession of the premises for one year from the date of the contract. The first party further agreed that after the improvements were made upon the building, the second party should have the option for one year from the date of the contract to purchase the property for the sum of $1,000. The second party went into possession of the property and made the improvements. The first party, after the expiration of the one year from the date of the contract, commenced suit against the defendant, Clara Hartsog,

for the possession, and damages for the unlawful withholding of the same. The defendant, by way of answer, set forth that the title to the property was defective, and that she was ready at all times to purchase the property according to the option, and that the plaintiff failed and refused to sell the property to her as he was bound to do by the contract. The defendant prayed for the specific performance of the contract. The defendant further alleged that the plaintiff had wrongfully interfered with the possession of her tenants to her damage in the sum of $2,000. It appears from the evidence that the plaintiff expended about $600 or $700 in making the improvements upon the building. The trial of the cause resulted in judgment for the sum of $250 in favor of the defendant. The court further found, in denying specific performance of the contract, that both parties were unable to comply with the contract of sale during the year. The defendant has appealed the cause and assigns several errors for reversal here.

The evidence makes it appear that the plaintiff did not own a merchantable title to the property in question. The defendant did not tender the sum of $1,000 to the plaintiff during the one year from the date of the contract. The finding of the court that the defendant was unable to comply with the contract for the purchase of the property is supported by competent evidence. This cause was tried to the court without the intervention of a jury. We are not disposed to disturb the judgment of the court reached in the trial of the cause, as the evidence is somewhat uncertain on the point as to the defendant being able to perform the condition imposed upon her by the sales contract. We think the court was justified in reaching the judgment entered in this cause from all the evidence. The judgment of the court, in relation to the damages suffered by the defendant on account of the alleged wrongs of the plaintiff, is not so much at variance with the record as would require its reversal. In the trial of a law action to the court, the judgment will not be reversed on appeal if there is any competent evidence which reasonably tends to support the judgment. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 §2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 441; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 4 C. J. p. 1130 § 3122.