## LITTEER, Rec., v. HARRELL.

No. 16005—Opinion Filed Feb. 2, 1926.

Rehearing Denied May 4, 1926.

**1. Appeal and Error—Review—Sufficiency of Evidence in Law Action.**

A judgment of the court reached in the trial of a law action will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment.

**2. Same—Replevin of Notes Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Mrs. J. B. Harrell against Earl J. Litteer, receiver of the State National Bank of Ardmore, in replevin for possession of promissory notes. Judgment for plaintiff, and defendant brings error. Affirmed.

Johnson & McGill, for plaintiff in error.

Sigler & Jackson, for defendant in error.

Opinion by STEPHENSON, C. Mrs. J. B. Harrell commenced her action in replevin against Earl J. Litteer, as receiver of the State National Bank of Ardmore, for the possession of two promissory notes, each in the sum of $5,000. The trial of the cause resulted in a judgment for the plaintiff for the possession of the two notes, or their value, in the sum of $10,000. The defendant has appealed the cause here for review, and assigns the following errors for reversal: (1) That the judgment of the court is contrary to law. (2) That the judgment of the court is contrary to the evidence.

It would serve no useful purpose to recite in detail the transactions which gave rise to the execution of the notes, or the evidence in relation thereto. It is sufficient to say that the plaintiff commenced her action against the receiver for the possession of two promissory notes, each in the sum of $5,000. The plaintiff alleged that she was the owner thereof and entitled to immediate possession. The defendant submitted four propositions as denying the plaintiff the right to recover the notes: (1) That J. B. Harrell, as the duly authorized agent for Mrs. J. B. Harrell, assigned the two notes in question to the State National Bank as collateral to secure the payment of a note in the principal sum of $16,000, owed by the Oklahoma Drug Company to the bank. (2) That Mrs. J. B. Harrell owned $3,750 of the stock of the failed State National Bank of Ardmore, and was liable to the receiver of the bank, under the law, in a sum of money equal to the par value of the stock; that the receiver was entitled to hold the notes as an offset to the claim of the bank against the plaintiff. (3) That the Oklahoma Drug Company was incorporated with a capital stock of $15,000, and that the plaintiff was president of the drug company. (4) That through the management of the drug company by the husband of the plaintiff, the drug store had become indebted to the bank, upon the note executed in behalf of the corporation by the husband to the bank, in the sum of $26,000, and that the plaintiff as an officer of the drug company was liable personally for the indebtedness in excess of its capital stock; and that the receiver was entitled to hold the notes as an offset against the indebtedness.

The evidence of Mrs. J. B. Harrell was to the effect that she loaned $5,000 to Harold Wallace on two separate occasions, and that he executed two notes each in the sum of $5,000 for the indebtedness; that one of the notes was made payable to her, and by mistake or inadvertence the other note was made payable to her husband, J. B. Harrell, Jr. The evidence supports the conclusion

that the money loaned to Harold Wallace was the property of the plaintiff. Harold Wallace was first cashier and then president of the failed State National Bank. The plaintiff testified that the notes were placed in her safety deposit box in the vault of the State National Bank of Ardmore; that her husband, J. B. Harrell, withdrew the notes from the safety deposit box without her knowledge and consent, and indorsed the same to the State National Bank without her knowledge, consent, or authority. The notes were indorsed by the husband as collateral security for a note in the sum of $16,000 executed and delivered by the Oklahoma Drug Company to the State National Bank of Ardmore. The procurement of the notes from the safety deposit vault of the plaintiff, and the assignment of the same to the bank, constituted the bank an unlawful conversioner of the notes, if we accept the evidence of the plaintiff as true. The court found this issue in favor of the plaintiff. The husband and the bank were not authorized to procure the notes and hypothecate the same, as was done, if we accept the evidence of the plaintiff. The bank would not be authorized to procure the possession of property in an unlawful manner, and hold the same as an offset against the claim of the bank against the plaintiff. It may be that in a proper action this court would sustain a garnishment of the indebtedness in favor of claims of the bank against the plaintiff, growing out of the bank stock and drug company transaction. The defendant is not authorized in a law action to withhold property procured in an unlawful manner, or through tort, as an offset against any claim it may have against the plaintiff not then involved in the suit. There is ample procedure for the defendant to subject the notes to the payment of any claim it may litigate against the plaintiff. The record discloses that Harold Wallace, the payor, has been adjudged a bankrupt, and that the Oklahoma Drug Company has become insolvent and a bankrupt, as well as the State National Bank of Ardmore.

We think, in view of the situation presented among the parties by the record, it will be better to confine each party in its action for relief against the other to regular and proper judicial proceedings.

This cause was tried to the court without the intervention of a jury. The question of the agency of the husband, or his authority to assign the notes to the bank as collateral security for the indebtedness of the Oklahoma Drug Company, was an issue

of fact involved in the trial of this cause. The court found this issue in favor of the plaintiff. The evidence of the plaintiff supports the finding. In the trial of a law action to the court without the intervention of a jury, on appeal, this court will not reverse the judgment of the trial court, if there is any competent evidence which reasonably tends to support the judgment. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 § 2853. (2) 4 C. J. p. 1130 § 3122. See 2 R. C. L. 202; 1 R. C. L. Supp. p. 441; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. p. 81.