**ONE FORD COUPE et al. v. STATE.**

No. 16465—Opinion Filed April 6. 1926.

**1. Appeal and Error—Sufficiency of Evidence to Support Verdict.**

A judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict.

**2. Intoxicating Liquors—Transportation—Forfeiture of Vehicle Sustained.**

Record examined: held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson. C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Kingfisher County; D. K. Cunningham, Judge.

Action by the State, on relation of county attorney, against one Ford coupe, to forfeit the property for use in unlawfully transporting whisky. Judgment for plaintiff, and defendant brings error. Affirmed.

E. M. Bradley, for plaintiff in error.

R. F. Shutler, Co. Atty., for defendant in error.

Opinion by STEPHENSON, C. The state of Oklahoma, on the relation of the county attorney, informed against one Ford coupe, in the county court, under the provisions of section 7023, C. O. S. 1921, for unlawful use in the transportation of intoxicating liquor. Geo. B. McKee, the owner, intervened in the cause. The trial of the forfeiture proceedings resulted in judgment for the state. The defendant brings error. The principal complaint in the trial of the case is the overruling of the motion to strike certain parts of the complaint, and the receiving of testimony to support the allegations. The complaint properly alleged the unlawful transportation of the intoxicant. The petition further alleged that the owner drove the car "while in an intoxicated condition," and was arrested "while in a drunken condition". The petition further charged that the owner was informed against "by the said city on a charge of drunkenness". The objection went to the quoted parts of the complaint. The proof supports the charge that a bottle of corn whisky was found in the coupe at the time the owner was arrested. The owner makes some question of the lack of proof to show that the content of the bottle was corn whisky. The evidence that the owner was in an intoxicated condition, when the bottle was found in his car, was competent as showing what the bottle contained.

The proof further showed that the owner, on this occasion, collided with another automobile on the streets of Kingfisher. We think none of this evidence was prejudicial to the rights of the appellant in the trial of the cause, forfeiting the car. The evidence is ample to support the material allegations supporting the right of the state to forfeit the Ford coupe. A judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment. Young v. Eaton, 82 Okla. 166. 198 Pac. 857.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853 § 2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 33 C. J. p. 687 § 391.