## SMITH v. GRAHAM.

No. 14466—Opinion Filed April 20, 1926.

Rehearing Denied Feb. 15, 1927.

**1. Appeal and Error—Reversal—Verdict Unsupported by Evidence.**

A judgment of the court based upon the verdict of a jury, in a law action, will be reversed on appeal if there is not any competent testimony to support the verdict.

**2. Same.**

Record examined; held, to be insufficient to support judgment for the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by A. E. Graham against C. T. Smith. Judgment for plaintiff, and defendant brings error. Reversed.

A. L. Emery and Stuart, Sharp & Cruce, for plaintiff in error.

W. A. Barnett and L. L. Cowley, for defendant in error.

Opinion by STEPHENSON, C. C. T. Smith and several other parties were joint owners of a producing oil and gas lease. The several owners entered into a trust agreement, whereby C. T. Smith was made trustee for the sale and management of the oil and gas lease. The trust agreement provided that a two-thirds interest might sell the entire lease.

C. T. Smith, as trustee, entered into an agreement with A. E. Graham to sell the oil and gas lease, on a commission, to Lester B. Gum and James H. Topp, for $100,000. A written agreement was entered into on the part of C. T. Smith, as trustee, with A. E. Graham, which provided that the latter would be allowed a $5,000 commission for the sale of the oil and gas lease to Lester B. Gum and James H. Topp. There was a subsequent agreement indorsed in writing on the contract, to the effect that A. B. Graham should receive 5 per cent. of

whatever sums were realized from Gum and Topp. Gum and Topp took an option for 60 days to purchase the oil and gas lease, and placed $5,000 in the bank in escrow with the option. Gum and Topp failed to complete the sale. It appears that A. E. Graham went to Tulsa and entered into a contract with F. E. Perkins for the sale of the oil and gas lease to the latter for $100,000. Certain statements were made in the contract, as to the extent of production from the lease. Perkins claimed that the lease did not have the production represented in the contract made with him by Graham. and refused to carry out the purchase. A. E. Graham took the position that the agreement entered into between him and Perkins was a valid contract, and capable of enforcement by the owners of the lease. Graham claims that he was entitled to the sum of $5,000 as commission, as he made a valid and enforceable contract with Perkins.

Graham further contended that the title was found to be defective in the course of preparing an abstract of title for Gum and Topp, and that C. T. Smith, in his individual capacity and as trustee, employed him to perfect the title. Graham states that he spent $250 of his own money in perfecting the title, and that his services were reasonably worth the sum of $1,500.

Graham was not paid any of the sums of money that he claimed in relation to these transactions. Graham commenced his action against C. T. Smith for the recovery of $250 as 5 per cent. of the $5,000 placed in escrow by Gum and Topp. He further sued for the sum of $250 for money expended in preparing the title, and for $1,500 as a reasonable attorney fee for the services.

A further sum of $5,000 was sued for as commission on the Perkins contract. The trial of the cause resulted in judgment for $5,000 against the defendant C. T. Smith. The verdict and judgment ran against the defendant in his individual capacity. The defendant appealed the cause here, and assigns numerous errors for reversal. If we should undertake to pass on the numerous assignments of error separately, and answer the contentions of both parties, the opinion would reach a length that would obscure the material points involved.

We have examined all of the evidence in relation to the Perkins contract, and find that the production was not as great as was represented by the contract. Perkins was not required to carry out the contract by its terms. The owners of the lease would not have been able to enforce the contract in an action for specific performance. It was error to submit the question of recovery on the Perkins contract to the jury. The court instructed the jury not to allow the plaintiff a recovery for the $250 on the Gum and Topp transaction. The plaintiff did not except to the instruction.

On the conclusion reached, and the instructions of the court in relation to the $250 item only, the money expended by plaintiff in clearing the title and compensation claimed therefor, remain to be settled. These two items amount to $1,750. We cannot determine from the record whether the verdict of the jury was for the $5,000 claimed on the Perkins contract, or in part for the contract, and for the whole or in part for the expense money and services for perfecing the title. Whether the plaintiff might join actions against the defendant as an individual and as trustee in the same suit, was not questioned in the trial of the cause, and is not involved here on appeal.

If the plaintiff might join the actions, whether the court might submit the questions to the jury without a further instruction to find separately, is not necessary for determination in this appeal. Since the conclusions reached leave the judgment standing without sufficient evidence to support the verdict of the jury, it must be reversed on this point. The other questions may not arise in the case in the course of further proceedings. A judgment of the court based upon the verdict of a jury, in a law action, which is not supported by any competent evidence, will be reversed on appeal. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 856 §2835. (2) 9 C. J. p. 654 §127. See 2 R. C. L. p. 202. 1 R. C. L. Supp. p. 442. 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.