**BOND et al. v. AMERICAN NAT. BANK OF SAPULPA.**

No. 16622—Opinion Filed June 15, 1926.

Rehearing Denied Jan. 4, 1927.

**1. Appeal and Error—Sufficiency of Evidence in Law Action Tried to Court.**

A judgment reached by the court in the trial of a law action, without the intervention of a jury, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the findings of fact in favor of the plaintiff.

**2. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by the American National Bank of Sapulpa, Okla., against Minnie Bond et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Lafayette Walker, for plaintiffs in error.

Eugene B. Smith, for defendant in error.

Opinion by STEPHENSON, C. This suit involves an action by the defendant in error on a promissory note against the plaintiffs in error. The trial of the cause resulted in judgment for the defendant in error. The plaintiffs in error perfected their appeal, and submit as error for reversal, that the judgment is contrary to the facts and the law.

The American National Bank of Sapulpa commenced its action for recovery on a promissory note for $1,000. The petition alleged that Minnie Bond and H. R. Bond executed and delivered a note to one E. J. Crider; that E. J. Crider assigned the note to J. W. Berry, and that the bank became the owner of the note in due course of business before maturity.

Minnie Bond and H. R. Bond filed their answer to the petition, wherein it was set forth: (a) That the note was executed and delivered to E. J. Crider on the condition that the latter would procure the removal of the restrictions from lands owned by the defendants; that if the restrictions were not removed, the note should become null and void; (b) it was further alleged that the date of the note was left blank and the date when it should become payable was also left blank, and that such dates were later added to the note without the knowledge and consent of the defendants, and contrary to the contract; (c) that the bank was not a holder in due course of business for value, and without notice of the defects. It is the contention of the plaintiffs in error that the date "September 12th" was added to the note, and that the due date "120 days after date" was added to the note.

The bank offered evidence that it received the note in due course of business, and without notice of the defects complained about by the defendants. The note was introduced in evidence. The court found from the evidence that the note bore the date it was executed, and the date it was due and payable at the time it was signed by the plaintiffs in error. The trial court had before it the witnesses, and had the opportunity of observing the manner and demeanor of the witnesses. The trial court is in a better

position on this account to weigh the evidence and determine its credibility and force, than may be done on appeal.

In the trial of a law action to the court without the intervention of a jury, the judgment of the court will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the findings and judgment. We think the findings of the court are supported by sufficient competent evidence. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 §2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. 81. (2) 4 C. J. p. 879 §2853.