### HANSON et al. v. BRANNON.

No. 21463. Opinion Filed Jan. 24, 1933.

Bond & Bond, for plaintiffs in error.

G. F. Womack and S. H. Singleton, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Stephens county in favor of the defendant in error, the plaintiff therein, against the plaintiffs in error, the defendants therein. Hereinafter the parties will be referred to as plaintiff and defendants.

The plaintiff sought to recover from the defendants the value of certain personal property, which he alleged the defendants had wrongfully converted to their use and benefit and to his damage. The defendants denied that any of the property was converted.

Herein it is contended that the demurrer of the defendants to the petition of the plaintiff should have been sustained.

In the petition the plaintiff alleged that he was the owner of certain personal property, and that that property had been wrongfully converted by the defendants by their selling the same, to the damage of the plaintiff in the sum of $820. The petition stated a cause of action. Allen v. Smith, 70 Okla. 292, 174 P. 280. There was no error in overruling the demurrer thereto.

The principal contention of the defendants is that there was no competent evidence tending to support the verdict of the jury and the judgment of the trial court.

There were three issues of fact for the determination of the jury. One of them was whether or not any of the property of the plaintiff was wrongfully converted; the second one was the amount, if any, of the property which was converted, and the third one was the value of that portion, if any,

which had been converted. The verdict of the jury was a general verdict, the legal effect of which was that all of the property involved in the action had been converted, and that the value thereof was $493.

The defendants contend that if the plaintiff sustained any damage it was due to his own laches and not to any fault or negligence of the defendants. This is a law action brought within the period provided by the statutes of limitation, and the equitable principle of laches is not applicable.

The record shows that the defendants sold at least a part of the property belonging to the plaintiff and thereby converted it to their own use and benefit and to the damage of the plaintiff.

This court is committed to the rule that, in a civil action, triable to a jury, where there was competent evidence reasonably tending to support the verdict of the jury, where there was no prejudicial error in the instructions of the court, or in its rulings during the trial, and where the judgment of the court conformed to the verdict of the jury, that judgment will not be disturbed on appeal. See Alamo Nat. Bank of San Antonio v. Dawson Produce Co., 78 Okla. 235, 190 P. 393; Smith Motor Co. v. Button, 100 Okla. 14, 227 P. 95, and Knupp v. Hubbard, 130 Okla. 111, 265 P. 133. Under that rule, we find no reversible error in the judgment of the trial court.

The judgment of the trial court is affirmed and judgment is rendered herein in favor of the plaintiff against the sureties on the supersedeas bond filed herein by the defendants, as per journal entry to be prepared by the plaintiff.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.

Note.—See under (1) annotation in L. R. A. 1916B, 564; 2 R. C. L. 193, 194; R. C. L. Perm. Supp. p. 367; R. C. L. Pocket Part, title "Appeal," § 167. (2) 26 R. C. L. 1122; R. C. L. Perm. Supp. p. 5845; R. C. L. Pocket Part, title "Trover," § 33. (3) 10 R. C. L. 406; R. C. L. Perm. Supp. p. 2696; R. C. L. Pocket Part, title "Equity," §§ 154-156.