BURTRUM v. GOMES et ux.

No. 34629.  Oct. 28, 1952.

*249 P. 2d 717.*

Joy G. Clayton, Tulsa, for plaintiff in error.

Luther P. Lane, Tulsa, for defendants in error.

PER CURIAM.  Plaintiff was a dealer in new and used cars in Joplin, Missouri.  On or about March 2, 1948, plaintiff sold a 1941 DeSoto automobile to a person by the name of McWhorter and took, as part of the purchase price, a chattel mortgage on the automobile.  The mortgage was properly and timely filed in Missouri.  McWhorter failed to make his first payment on the mortgage and plaintiff discovered that he had absconded with the car.

Subsequently, on April 5, 1948, the car was sold to used car dealers Mitchell and Parkin of Tulsa, Oklahoma, and by them on April 6, 1948, to the defendants, Johnnie and Syble Gomes.  The car was sold to the defendants Gomes after the recording of the mortgage in Missouri by the plaintiff and within the 120 days of such recording and within the 120 days of the time the car was brought into Tulsa county, and the court properly found that defendants Gomes bought the automobile with constructive knowledge of the mortgage of the plaintiff and, therefore, subject to such mortgage.

Defendants Gomes traded a 1938 Dodge for the car in question and borrowed $1,036.90 from the Citizens State Bank of Tulsa, which said sum, at the time of trial, had been paid in full; and the defendant Citizens State Bank not having or claiming any interest in the automobile, the action as to the defendant Citizens State Bank was dismissed.  That action by the court was correct.

The matter was tried to the court, and the court found that the car was bought by defendants Gomes with constructive knowledge of the mortgage and, therefore, subject to the mortgage; but because the plaintiff had not

timely found the automobile and filed the action in replevin for a period of *fourteen months after the purchase by defendants Gomes* he was guilty of laches and, therefore, could not recover. Judgment was rendered for the defendant. With this decision we cannot agree. Replevin is a law action. 77 C.J.S. p. 10, §1.

The defense of laches may not be invoked in an action at law, such action being governed by the statute of limitations. 19 Am. Jur. 339, §490; Flesner v. Cooper, 62 Okla. 263, 162 P. 1112; Van Antwerp v. Schultz, 203 Okla. 84, 217 P. 2d 1034. The trial court found that the defendants bought the car with constructive notice of the mortgage of the plaintiff; and this being a law action plaintiff had a right to maintain his action in replevin within the time allowed by the statute of limitations. Hanson v. Brannon, 161 Okla. 265, 18 P. 2d 517.

In the case at bar, the testimony was that at the time of the default in the first month's payment plaintiff circularized every state in the Union and the car was reported to be in the State of Georgia where it had been registered and, subsequently, was taken to Arkansas, where plaintiff traced the car. Being unable to locate the individual in whose name the car was registered in Arkansas, he lost trace of the automobile; and it was subsequently brought to Oklahoma and sold to Mitchell and Parkin on April 5, 1948, and to the defendants on April 6, 1948.

Plaintiff testified that he circularized Oklahoma at the time the other states were circularized and received no word from them, but subsequently, about a year later, when again inquiry was made in Oklahoma, he was notified of the whereabouts of the car. He communicated with the bank and the defendant owners, and received no response. Subsequently, he brought this action in replevin. Testimony was to the effect that the matter was placed in the hands of the Federal authorities, and they were working upon the problem of locating the car throughout the period of time.

We are unable to follow the argument of the defendants, that they have been damaged by the delay of the plaintiff in locating the car. If the doctrine of laches were applicable, surely no one would deny that the defendant would have continued to be liable for the payment of his note to the Citizens State Bank even though the car was replevined. The Citizens State Bank, in extending the loan to the defendants Gomes, certainly did not warrant the title to the automobile.

As to what time the fly-by-night firm of used car dealers, as referred to by defendants' attorney, became insolvent and unable to make defendants Gomes financially whole in the event of the loss of the car is problematic. From the testimony given we see no reason to believe that they could ever have stood behind any sale made. Since the automobile was bought by the defendants Gomes the next day after it was placed on the lot of Mitchell and Parkin with an Arkansas tag upon it, and knowing they were fly-by-night used car dealers with little, if any, financial stability, it seems to us defendants Gomes should have used more caution in trading for and purchasing this automobile.

As before stated, plaintiff had a clear, legal right of replevin. The action was brought within the period provided for such action by the statute of limitations, and, as herein set forth the doctrine of laches is no defense in this case.

Judgment reversed, with directions to proceed in accordance with the views herein expressed.

This court acknowledges the services of Attorneys T. D. Nicklas, E. L. Richardson, and John W. Tyree, who as Special Masters aided in the preparation of this opinion. These attorneys

were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.