## L. E. HARMON & SON v. MAJORS.

No. 5120. Opinion Filed October 19, 1915.

(152 Pac. 450.)

1. **APPEAL AND ERROR—Presentation for Review—Presumption.** Error is never presumed; but, on the contrary, the burden is on the plaintiff in error to show that prejudicial error has been committed by the trial court.

2. **APPEAL AND ERROR—Scope of Review—Cost Deposit.** When the cost deposit has been exhausted, and the plaintiff in error refuses or neglects, after due notice, to comply with law, or rule of this court, and make further deposit, and there is no

money in the hands of the clerk to pay the legal cost of filing the defendant in error's briefs, this court will not search the record to ascertain whether the specifications of error, made by plaintiff in error, should be sustained or not; and in such case the judgment should be affirmed.

(Syllabus by Robberts, C.)

*Error from County Court, Carter County;*
*W. F. Freeman, Judge.*

Action by L. O. Majors against L. E. Harmon & Son. Judgment for plaintiff, and defendant brings error. Affirmed.

*Sigler & Howard,* for plaintiff in error.

*Thomas Norman,* for defendant in error.

Opinion by ROBBERTS, C.   This action was commenced before a justice of the peace, for the conversion of a bale of cotton valued at $74.97. On trial judgment was rendered for plaintiff for the amount prayed. The case was then appealed by defendant to the county court, and there tried to a jury, and judgment again rendered for the plaintiff for the sum of $74.97, as prayed. Motion for new trial was overruled, exceptions preserved, and defendant brings error.

The petition in error was filed in this court on the 15th day of May, 1913. At the time of filing the case, the plaintiff in error made the usual cost deposit, which, in time, was exhausted, and of which fact the plaintiff in error was duly notified.

The plaintiff in error filed briefs on September 13, 1915, and in due time defendant in error forwarded briefs to the clerk of the court, who refused to file them because the cost deposit had been exhausted, but notified counsel for plaintiff in error of the fact and requested a further deposit to cover costs. This last notice was mailed to

counsel on the ——— day of September, 1915, but up to the time of filing this opinion no response had been received to the letter of notification, and the defendant in error's briefs are not filed. Under these conditions, this court is not required to search the record to ascertain whether the specifications of error should be sustained. The well-known rule is that on appeal error will not be presumed, but must be made to appear from a full and fair consideration of the whole case, and although there may be error in the record, unless it be made to appear that it resulted in substantial injury or injustice to the complaining party, the judgment must be affirmed. *Coyle v. Baum,* 3 Okla. 718, 41 Pac. 389.

We cannot say that prejudicial error was committed in this case without an opportunity to examine the briefs of both parties, and therefore the case should be affirmed.

By the Court: It is so ordered.