## MORIN v. JETER.

No. 17174—Opinion Filed Sept. 28, 1926.

(Syllabus.)

1. **Appeal and Error—Reversible Error— Grant of New Trial by Another Judge After Denial by Trial Judge on Ground of Newly Discovered Evidence.**

Where a cause is tried resulting in judgment, and a motion for a new trial is heard and overruled, and subsequently thereto a motion to vacate and for a new trial is filed on the ground of newly discovered evidence, and the same is heard by the trial judge who presided in the action, and such judge denies it, it is reversible error for another and different judge to sustain a motion for a new trial on the ground of newly discovered evidence which in substance is the same as that set up in the motion denied and overruled by the judge who tried the action, and who at the time did not have the record or know the evidence on which the judgment was based.

2. **New Trial—Ground of Impossibility of Perfecting Case-Made—Requisite Showing.**

While section 576, C. O. S. 1921, authorizes the district court to grant a new trial because of the **impossibility** to secure a case-made for the purpose of appeal, yet a motion on such ground in order to warrant the vacation and setting aside of a judgment must show, at least, that a reasonable effort had been made, and that some condition existed that had made it impossible to secure the same. In the instant case there is no such showing.

Error from District Court, Pontotoc County; A. C. Barrett, Assigned Judge.

Action by Ola Morin, nee Owens, against R. C. Jeter. Judgment for plaintiff, and from order granting new trial, plaintiff brings error. Reversed.

B. C. Wadlington, for plaintiff in error.

McKeel K Kerr, for defendant in error.

BRANSON, V. C. J. The position of the parties in this court are the same as in the trial court. Ola Morin sued R. C. Jeter to recover a sum of money alleged to be due her as a part of the selling price of a part of the land allotted to her as a citizen by blood of the Choctaw Nation.

On June 3, 1924, she obtained a judgment in the district court, the Hon. George Crump, judge. presiding. He had been duly assigned to Pontotoc county. The following day the defendant filed a motion for a new trial under section 572, C. O. S. 1921. This motion was not disposed of until the Hon. George Crump was again assigned at a later date, to said county. On February 16, 1925. the said motion for a new trial was overruled, to which the defendant excepted and gave notice as required by the statute of his intention to appeal to the Supreme Court of this state, and secured an extension of time to make and serve the case-made, but did not perfect his appeal from the order so entered on said Febru-

ary 16, 1925. On the contrary, the defendant on April 2, 1925, filed a motion for new trial on the alleged ground of newly discovered evidence, which was not heard until October 12, 1925, when the Honorable George Crump was again assigned to said county to hold court. On hearing the same the court overruled the said motion on the ground of newly discovered evidence and in so doing expressly found:

"That said motion for new trial on the ground of newly discovered evidence should be overruled for the reason that the evidence offered in support thereof is only cumulative and impeaching in its nature."

On entry of that order, notice was given by the defendant of his intention to appeal to the Supreme Court of the state, and he caused the said notice to be entered upon the trial docket and secured an extension of time to make and serve case-made 30 days from the said 12th day of October.

Thereafter, the Honorable A. C. Barrett was assigned to the said county of Pontotoc to hold court, and was so holding court on the **30th day of October, 1925,** when the defendant caused to be presented to the said A. C. Barrett a motion for new trial on the ground of newly discovered evidence which incorporated in substance the same alleged newly discovered evidence as that presented to the said Honorable George Crump on October 12th theretofore. The motion further incorporated a prayer that the order of the Honorable George Crump of October 12th denying and overruling a motion on the ground of newly discovered evidence be vacated. A further ground was incorporated in this motion to the effect—

"That the evidence both at the trial of this cause and on the said motion for new trial was taken by Mr. A. F. Hall, the stenographer or court reporter of the judge who tried the cause, and that just a day or two, or as this pleader remembered, almost three days after said motion had been overruled, the attorney of the defendant wrote the trial judge asking that he have his stenographer make case-made; having failed to hear from either the judge or his court reporter, on or about the 25th day of October, 1925, the attorney for this defendant made diligent inquiry and finally learned the name of the said court reporter and called him over the telephone to know if he were making the desired case-made. The said court reporter replied that he had not received any order for a case-made nor had the fact that same had been requested through the trial judge been communicated to him, and further stated that it would be impossible for him under the circumstances to make a case-made within

the time allowed; that it is therefore impossible for this defendant to appeal this case because it was impossible to get the case-made prepared within the time allowed by the trial court and he is entitled to a new trial because of the impossibility of making case-made."

This motion was filed on October 30th, as said supra, and on the same date was presented to the said Honorable A. C. Barrett, and on the same date was granted. The order made by the Honorable George Crump on October 12th was vacated and set aside and this last motion for a new trial was sustained and thereby the judgment rendered July 3, 1924, or nearly 16 months theretofore, was vacated, set aside, and held for naught. No notice of any kind or character was given to the plaintiff or counsel for plaintiff that this last motion would be presented to the Honorable A. C. Barrett. On the following day, having been informed of this action, the plaintiff filed her exceptions to the action of the court and notice of appeal to this court, also filed motion to vacate the order, which was denied. So it is apparent that her appeal here draws in question the right, propriety, power, and jurisdiction of the said Honorable A. C. Barrett to enter the order of October 30, 1925.

It is section 576, C. O. S. 1921, which authorizes the granting of a new trial on the ground of newly discovered evidence after the term at which the decision or judgment was rendered. The statute expressly provides that the motion shall not be filed later than the second term after the discovery of the alleged new evidence. It must be noted that the first motion on the ground of newly discovered evidence was filed April 2, 1925. It is asserted by the defendant to have been within the term at which the former motion for new trial had been overruled, February 16, 1925. So certainly at the time of the discovery of the alleged new evidence the April term of the district court had not begun to run. The motion does not show when the alleged new evidence was in fact discovered. It may have been immediately after the trial in June, 1924. The terms of court are fixed by section 3072, C. O. S. 1921, and at that time the October term was still running. The second term of the said alleged new evidence was pleaded by the first; such motion began on the first Monday of April and ended on the first Monday of October. The motion which was sustained on the ground of newly discovered evidence was filed October 20, 1925, which was during the

third term of the court after the discovery of the alleged new evidence had been pleaded, and may have been in fact many terms thereafter. So, under the statute which would permit the filing of the motion here drawn in question, there was no authority of law to file the same at the time it was filed and acted upon by the said Honorable A. C. Barrett. As a matter of law there was nothing before him on which he could vacate the judgment rendered July 3, 1924.

Again, we find this a novel occurrence in Oklahoma jurisprudence. To recapitulate: The motion for new trial under section 572 had been overruled on February 16, 1925, by the judge who tried the case. Said section provides in part:

"A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury, the approval of the report of a referee or a decision by the court. * * *"

This section carries with it the clear import that the motion for a re-examination of the facts must be addressed to the court who tried the same except under circumstances not here presented. Section 576, C. O. S. 1921, which authorizes filing a motion on the ground of newly discovered evidence, clearly contemplates that the said motion shall be presented to the court presided over by the judge who tried the original action. We find no statute which expressly provides that this shall be done, but by analogy, sections 787, and 788, C. O. S. 1921, which are the sections governing the settlement of a case-made, supplemented by the well-settled practice in this jurisdiction, it clearly indicates that the judge who tried the cause should pass on the motion or motions for a new trial, and settle the record for appeal. In the nature of things this should be done. Especially is it necessary when the evidence adduced in the trial has not been transcribed so as to be presented to another judge. This court has laid down in clear language the conditions under which a motion for a new trial on the ground of newly discovered evidence may be sustained:

First, it must be such as will probably change the result if a new trial be granted. Second, it must have been discovered since the trial. Third, it must be such as could not have been discovered before the trial by the exercise of due diligence. Fourth, it must be material to the issues. Fifth, it must not be merely cumulative to the former evidence. Sixth, it must not be

merely to impeach or contradict the former evidence. Vickers v. Phillip Carey Co., 49 Okla. 231, 151 Pac. 1023.

Necessarily the judge who heard the evidence is not only within the intent of the statute, but within the intent of the adjudicated principles governing such motions, the person who must pass upon the same. The Honorable A. C. Barrett in the instant case granted the motion on the ground of newly discovered evidence filed on October 30th, and that without notice to the plaintiff, who had a judgment of record since July 3, 1924.

It is argued that the new trial was granted also because of the allegation in the motion of October 30th that the case-made could not be secured within the time allowed. This part of the motion as quoted above expressly shows that no order had been made on the court reporter for the case-made until about the 25th day of October. It fails to show that any request had been made for an extension of time. This part of the motion which the defendant seeks to bring within the provisions of section 576, C. O. S. 1921, must necessarily fall of its own weakness. There is nothing in the said motion which shows the **impossibility** of securing a case-made within the time allowed or the impossibility of securing an extension of time within which the same might be furnished by the court reporter. The very allegation that no transcript had been made of the evidence adduced at the trial negatives any idea that the Honorable A. C. Barrett was in possession of any information on which he could possibly, under the rules quoted above, determine whether or not the alleged newly discovered evidence met the requiremennts of the law. His action, therefore, in sustaining the motion on the ground of newly discovered evidence and impossibility to secure a case-made was arbitrary and without either sanction or permissive authority of the law. This court must take judicial notice of the fact that the Honorable George Crump, who passed on the motion October 12th, denying the same, was and still is a district judge of the state of Oklahoma. The record shows that he has passed upon a motion in substance the same as the one sustained by the Honorable A. C. Barrett.

We shall not follow the effort of the defendant to justify this action in his citation of alleged authorities on the question of the discretion of the trial court, etc. It must be conceded that trial courts have a wide discretion in passing on such motions, but so far

as we are advised all such cases deal with the discretion exercised by the trial judge, who heard the case, saw the witnesses, and understood the character of the evidence on which the judgment was based and the relation of the alleged newly discovered evidence thereto. We know of no case, and none has been cited by the defendant, where the situation presents itself as here. To sanction this practice would not only be contrary to the recognized procedure of the courts of this state, but would lead to constant delays and repeated efforts to get district judges to pass on the same or similar motions and an indefinite delay in appeals.

The judgment of the district court of Pontotoc county sustaining the motion herein filed October 30, 1925, is reversed, with direction to the district court to vacate and set aside the order sustaining said motion and to reinstate the judgment of July 3, 1924.

NICHOLSON, C. J., and MASON, PHELPS, and RILEY, JJ., concur.