**SAMPLE et al. v. KING et al.**

No. 17888. Opinion Filed June 7, 1927.

Rehearing Denied Aug. 2, 1927.

(Syllabus.)

1. **Appeal and Error—Review of Equitable Action—Sufficiency of Evidence.**

In an equitable action, where the issue involved is one of fact and it is not shown by the plaintiff in error that the judgment of the court below was clearly against the weight of the evidence, such judgment will not be disturbed on review by this court.

2. **New Trial—Ground of Newly Discovered Evidence—Lack of Diligence.**

Where a party to an action filed a motion for new trial on the grounds of newly discovered evidence, and it appears from all the facts and circumstances in the case that such party, by the use of due diligence, could have produced such evidence at the trial, and the court refuses a new trial thereon, the same does not constitute error.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by D. W. Sample et al. against A. A. King et. al. From the judgment, plaintiffs bring error. Affirmed.

N. E. McNeill, and Randolph, Haver, Shirk & Bridges, for plaintiffs in error.

Poe & Lundy, and R. E. Morgan, for defendants in error.

LESTER, J. The parties to this action occupy the same position as in the trial court.

The p'aintiffs brought an action against the defendant in the district court of Tulsa county. Trial was had, which resulted in a judgment, from which the plaintiffs appeal.

Motion for new trial on account of the alleged newly discovered evidence was filed by the plaintiffs. This motion was overruled by the court, to which the plain'iffs excepted.

It appeared that on May 28, 1924, A. J. Pettit and wife, the owners of 40 acres of land, executed four separate oil and gas leases, each covering ten acres, in favor of A. A. King. These leases were deposited in the First National Bank of Jennings, Okla., and each lease was to be delivered when a well was drilled upon the land covered by such lease; the first well, however, to be commenced about the 15th of July, 1924.

The defendant, King, being unable to finance the drilling of said wells, entered into an oral agreement with p'aintiffs to drill the first well on the land covered by said leases. It was agreed that the plaintiffs should drill the first well and King was to pay $1,000 for the drilling of this well.

It appears that the lessors were to receive one-fourth royalties of the oil and gas that would be produced on the said lease.

On July 14th, King assigned to H. B. Getner a one thirty-second interest in and to said lease and a one thirty-second interest in and to said lease to R. B. Copeland. On the same date King assigned to T. E. Mann a nine-sixteenths interest in and to said oil and gas lease.

It appears that Mann proceeded with the drilling of certain wells on said leases, and that demand was thereafter made upon King for payment for the amount of money which Mann claimed was due from King on the development of said leases.

On the 9th day of April, 1925, the plaintiff, acting through his associate, Carl D. Smith, entered into a certain contract with King, whereby it was agreed that, for and in consideration of a claim and indebtedness due the plaintiff from the defendant, King, King would transfer one-eighth interest in said lease unto Carl D. Smith. This controversy arose over said settlement had with King on the 9th day of April, 1925.

The plaintiffs contend that it was represented to them by King that he was transferring all of his interest in said lease, consisting of one-eighth of the working interest in said leases. It thereafterwards developed that King, instead of owning one-eighth of the working interest, owned three-eighths of the same; however, King contends that it was thoroughly understood by and between all parties to said contract that King was only parting with one-eighth interest in said lease.

At the trial of the case there was conflicting evidence on this question, and the trial court found this issue in favor of the defendant, King. We have carefully examined all of the evidence introduced at the trial of this case, and we are of the opinion that the judgment of the court is not against the clear weight of the evidence.

In our judgment, the record clearly shows that each of the parties concerned in said lease and each of the assignees of the lessee, King, had actual notice, as well as notice of record, of the exact interest held by each; that they received from the oil company, upon a division order, showing the amount due each, an account of the fractional interest held by each.

We fail to find from the record any proof of fraud practiced by King upon his associates in said transaction.

The plaintiffs also complain that the court committed error in refusing to grant plaintiffs a new trial on account of newly discovered evidence. In our judgment, all the matters disclosed in plaintiffs' motion for new trial could have been discovered by them long before the trial by the exercise of due diligence, and the plaintiffs having failed to use such diligence, they cannot now complain.

Judgment of the district court is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, CLARK, and RILEY, JJ., concur.