## BARDON v. ENDEJAN.

No. 18366.　Opinion Filed Jan. 3, 1928.

(Syllabus.)

**1. Property—Possession — Presumption of Continuance.**

Possession being a fact continuous in its nature, when its existence is once shown, it will be presumed to continue until the contrary is proved.

**2. Appeal and Error—Verdict Supported by Evidence not Disturbed.**

Where the facts in a case are properly submitted to a jury under a correct theory of law and the evidence tends to reasonably support the verdict, it will not be disturbed on appeal.

**3. New Trial—Denial on Ground of Newly Discovered Evidence—Lack of Diligence.**

Where a party to an action filed a motion for new trial on the grounds of newly discovered evidence, and it appears from all the facts and circumstances in the case that such party, by the use of due diligence, could have produced such evidence at the trial, and the court refuses a new trial thereon, the same does not constitute error. Sample v. King, 126 Okla. 63, 258 Pac. 913.

Error from Common Pleas Court, Tulsa County; Wm. H. Randolph, Judge.

Action by Anna Mae Endejan against Richard V. Bardon doing business as the Bardon Loan Company. From judgment for plaintiff, defendant appeals. Affirmed.

Warren & Schaeffer, F. E. Warren, and G. E. Conway, for plaintiff in error.

Charles L. Yancy, Henry L. Fist, and Whit Y. Mauzy, for defendant in error.

PER CURIAM. The defendant in error, as plaintiff below, on June 29, 1921, began this action in replevin in the district court of Tulsa county, to recover possession of a diamond ring alleged to be in the possession of, and withheld from her by, the plaintiff in error, defendant below. Parties will be referred to herein as they appeared in the trial court.

The defendant answered denying generally the allegations in plaintiff's petition. The

cause was trnsferred from the district court of Tulsa county to the common pleas court of that county and there tried to a jury, resulting in a verdict and judgment in favor of the plaintiff for the recovery of the ring or its value, fixed at $375. From this judgment defendant appeals to this court. The defendant urges error of the trial court in, overruling his demurrer to the evidence and in overruling his motion for new trial, for the reason there is no evidence in the record showing the defendant to be in possession of the property sought to be recovered at the time this action was begun. There is testimony in the record that the identical property sought to be recovered was in the possession of the defendant prior to the bringing of this action and that it was exhibited at a trial formerly had between the parties to this cause instituted before a justice of the peace. In the case of Wails v. Farrington, 27 Okla. 754, 116 Pac. 428, this court held:

"Possession being a fact continuous in its nature, when its existence is once shown, it will be presumed to continue until the contrary is proved."

The defendant having been shown to be in possession of the property sought to be recovered prior to the commencement of this action, the burden was upon him to show that he had parted with such possession prior to the commencement of the action, and the burden thus being upon him, it was not error for the trial court to overrule the demurrer to the evidence. Wails v. Farrington, supra; Hutchinson Gin Co. v. Latimer Nat. Bank, 106 Okla. 159, 233 Pac. 438.

It is next contended by the plaintiff in error that he did not have the property in his possession at the time the suit was filed and the writ served, and that the evidence as to this is positive and certain. This question was submitted to the jury under instruction No. 4, as follows:

"You are instructed that where one is in possession of certain personal property, such possession is presumed to have continued until the contrary is proved.

"In this connection, gentlemen, you are instructed that if you find and believe from a fair preponderance of the testimony that the defendant at any time had in his possession the ring which is the controversy in this action, that the law presumes that the defendant continued in possession until the contrary is shown. You are instructed that this presumption is not a conclusive one, and that if you find by the preponderance of the evidence that the defendant here-

in parted with the possession of the ring before the commencement of this case and delivered the same to another person, then you are instructed that your verdict should be for the defendant."

The defendant admits that he was in possession of the property in controversy at the time of the dismissal of another action between these parties over this property and that he parted with possession of such property immediately after such dismissal. There was a dispute in the evidence as to when said former action was dismissed. The defendant testified the cause was dismissed in the year 1921 and prior to the bringing of the cause of action now before the court. The plaintiff produced in evidence a part of the record in the former case showing the order of dismissal as having been made May 15, 1923. The question was submitted to the jury under the above instruction, which we think proper, and the jury having found against the defendant and the trial court having approved the verdict by overruling a motion for new trial, this court will not, under these conditions, disturb the same. Gulf, Colorado & S. F. Ry. Co. v. Brown, 112 Okla. 1. 239 Pac. 599; Pfenninghausen v. Horinek, 112 Okla. 94. 240 Pac. 81.

The defendant complains of the action of the trial court in refusing to grant a new trial on the grounds of newly discovered evidence, claiming to have discovered the record of the court clerk's minutes showing the dismissal of the former action between these parties over this identical property, and alleges that he could not, with reasonable diligence, have discovered and produced the same at the trial of the cause. This cause was tried on the 10th day of December, 1926; the affidavit in support of defendant's motion for new trial shows this evidence to have been discovered on the 11th day of December, 1926. This action was begun on the 29th day of June, 1921, and the trial resulting in the judgment appealed from occurred almost five and one-half years thereafter, and from the fact that the evidence was discovered the next day after the trial it would appear that with the proper exercise of due diligence this evidence could have been discovered by the defendant in the five and one-half years preceding the trial of the cause. In the case of Sample v. King, 126 Okla. 63, 258 Pac. 913, in the second paragraph of the syllabus thereof this court said:

"Where a party to an action filed a motion for new trial on the grounds of newly discovered evidence, and it appears from all

the facts and circumstances in the case that such party, by the use of due diligence, could have produced such evidence at the trial, and the court refuses a new trial thereon, the same does not constitute error."

We think the language above expressed is applicable to the proposition of newly discovered evidence raised in this case and is decisive of the same. The judgment of the trial court is affirmed.