## CHETOPA MOTOR CO. v. DOUGLAS.

No. 18342.   Opinion Filed July 31, 1928.

(Syllabus.)

### 1. Appeal and Error—Necessity for Objections at Trial—Sufficiency of Evidence.

In a law action, where the defendant has assumed the burden of proof and the plaintiff submits its case to the jury, without demurring to the evidence or asking an instructed verdict, and the sufficiency of the evidence is not challenged until a motion for new trial is filed, the question of whether there is any evidence reasonably tending to support the verdict for defendant will not be considered on appeal. (Fed. Nat. Bank v. Sartin et al., 114 Okla. 244, 246 Pac. 617.)

### 2. New Trial—Newly Discovered Evidence —Lack of Diligence.

A motion for a new trial on the ground of newly discovered evidence is properly overruled where no facts constituting diligence to have discovered such evidence in time for the trial, are shown. (Manufac-

turers Finance Co. v. Sherman, 99 Okla. 295, 227 Pac. 451.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ottawa County; Enloe V. Vernor, Assigned Judge.

Action by Chetopa Motor Company against J. E. Douglas to recover judgment on promissory note and foreclosure chattel mortgage. Judgment for defendant, and plaintiff appeals. Affirmed.

D. H. Wilson, for plaintiff in error.

Foulke & Foulke, for defendant in error.

LEACH, C. Chetopa Motor Company, plaintiff in error, as plaintiff below, filed this action in the district court of Ottawa county, wherein plaintiff sought to recover personal judgment against defendant, J. E. Douglas, upon a promissory note given as balance of purchase price on a Fordson tractor, and for the foreclosure of a chattel mortgage covering the tractor and given to secure the note. The defendant, Douglas, admitted by answer that he executed the note and chattel mortgage sued upon, that the note was given as part of the purchase price for the tractor as described in plaintiff's petition, and further alleged that although he made skillful and proper attempts to operate the machine, it wholly failed to give the proper or any service for which it was sold and warranted; that demand was at once made upon plaintiff and has since been repeatedly made that he either make the machine render proper service, or that it be returned to plaintiff, and that the consideration be returned to defendant, all of which demands were refused by plaintiff; that the machine has been wholly worthless and unfit for the purpose for which it was sold; that $250 has been paid on the purchase price of the machine; that the consideration for the remainder of said note and mortgage has wholly failed.

Plaintiff filed a reply to defendant's answer in the nature of a general denial.

Upon the issues joined a trial was had to a jury who rendered a general verdict in favor of the defendant and judgment was entered accordingly. Motion for a new trial was overruled, and plaintiff appealed. The parties will be referred to as in the trial court.

The assignments of error in plaintiff's petition in error which are discussed and argued in brief are:

(1) The court erred in overruling the motion of plaintiff for a new trial.

(2) The court erred in rendering judgment for the defendant on the verdict of the jury.

(3) The court erred in admitting evidence on the part of the defendant.

The first and second assignments of error raise the question as to whether the trial court erred in overruling motion of plaintiff for a new trial.

The first and second grounds set forth in motion for a new trial presented to trial court were that the verdict is not sustained by the evidence and is contrary to the evidence. Under the pleadings in the case the defendant admitted the execution of the note and mortgage, and therefore the burden of proof in establishing the defense alleged by him was upon the defendant, and the trial court so ruled. The plaintiff did not demur to the defendant's evidence, neither did it ask for an instructed verdict in its favor, or otherwise attack the sufficiency of defendant's evidence prior to the verdict.

In the case of Federal National Bank v. Sartin et al., 114 Okla. 244, 246 Pac. 617, it is said in the syllabus:

"In a law action, where the defendant has assumed the burden of proof and the plaintiff submits its case to the jury, without demurring to the evidence or asking an instructed verdict and the sufficiency of the evidence is not challenged until a motion for new trial is filed, the question of whether there is any evidence reasonably tending to support the verdict for defendant will not be considered on appeal."

Under the rule laid down in the above case we would be justified in not examining the evidence in the cause; however, we have examined the testimony of the witnesses as a whole and considered the same in connection with the argument presented in the brief of plaintiff in error and are of the opinion there is some evidence reasonably tending to support the verdict of the jury. There was some evidence on the part of defendant to sustain the plea that the tractor was warranted and would not perform the service for which it was purchased and sold, that he offered to return the machine or requested plaintiff to take the same, and there is some evidence from which the inference might be drawn that the tractor was worthless or at any rate of no value to the defendant.

The third and fourth grounds of motion for a new trial are: (3) That the verdict is contrary to the law and the evidence; (4) errors of law by the court in the in-

structions given to the jury. The record and case-made does not contain the instructions given by the trial court to the jury. Plaintiff in its brief says:

"Whether the court instructed the jury properly, the writer does not know as the instructions were not preserved but the instructions, whatever they were, could not have justified the verdict."

In the absence of a showing to the contrary the instructions will be presumed to have been correct. In the case of McIver v. Katsiolis, 93 Okla. 49, 217 Pac. 422, the court in the body of the opinion said:

"It has been well settled by this court that where an objection is made that the verdict is 'contrary to law,' it is meant 'contrary to the instructions,' and in order to obtain a new trial upon that ground, it must be made to appear that there was instruction which was disregarded; it is not enough that a principle of law not embodied in an instruction was disregarded by the jury. Constantin Refining Co. v. Thwing Instrument Co., 72 Okla. 16, 178 Pac. 111. It is not pointed out to this court where any instruction given by the court was in any manner disregarded by the jury, and upon authority of the case last cited, such assignment of error is without merit."

The holding and statement of the court in the above case is applicable in the instant case.

Under the first assignment of error it is further contended that plaintiff was entitled to a new trial on account of newly discovered evidence. The record on the question of newly discovered evidence shows that on the day following the rendition of the verdict that the plaintiff obtained the affidavits of two witnesses, residents of Kansas, to the effect and in substance, that the tractor in question had been sold by defendant to Pitcher Drilling Company, and that the same had been successfully operated since and before sale, and was still being operated for drilling purposes with but minor incidental expenses for upkeep; that it did good work, was valuable and suitable for the purposes used. The motion for new trial, after referring to the affidavit of the witnesses, contains the following statement:

"That the movant was taken by surprise and unaware in the testimony of defendant that said tractor was in such condition that defendant was compelled to and did junk the same."

It is said in plaintiff's brief that the evidence of the parties who gave their affidavits did not come to the knowledge of plaintiff until after the verdict. Such statement is not clearly borne out by the motion for a new trial, it being stated in the motion that had the plaintiff known that the defendant would testify that he was compelled to and did junk the tractor that the evidence of the persons who gave their affidavits would have been taken in the form of depositions or they would have been produced at the trial. It is said in plaintiff's brief that the writer thereof did not appear in the trial of the cause, and from the following statement in the brief it would appear such writer also prepared motion for a new trial and that possibly the motion was prepared under a misunderstanding of the testimony, it being stated in the brief:

"It was believed by the writer, when this motion was prepared, that the defendant had testified to the fact that the tractor, for which the note was given, had been junked as disclosed by the evidence; but careful analysis of the testimony of the defendant Douglas convinces the writer that Douglas did not testify that the tractor had been junked, but only referred to the block, which, as the writer understands, is sometimes called a cylinder block. * * *"

The affidavit of the manager of the plaintiff company attached to the motion for a new trial shows and recites that he went to the place where the tractor was being operated on the day following the trial; that he found the same in good operating order. It is not sufficient that the evidence should have been discovered after the trial, but it should be shown, which is not done in the instant case, that the same could not have been discovered before the trial by the exercise of due diligence.

In the case of Federal National Bank v. Sartin et al., supra, it is stated in the syllabus:

"The rules regarding the granting of new trials on the ground of newly discovered evidence require that the evidence comply with the following conditions: First, it must be such as will probably change the result; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; fifth, it must not be merely cumulative to the former evidence; sixth, it must not be merely to impeach the former evidence.

"A party will not be entitled to a new trial upon the ground of newly discovered evidence, where he knew of the absence of the evidence at the time of going to trial, unless it appears that such party took prop-

er legal steps to procure a continuance or delay of the trial on account of the absence of the evidence."

"A motion for a new trial on the ground of newly discovered evidence is properly overruled where no facts constituting diligence to have discovered such evidence in time for the trial are shown." Manufacturers Finance Co. v. Sherman, 99 Okla. 295, 227 Pac. 451. See, also, Schapp v. Williams, 99 Okla. 21, 225 Pac. 910.

Under the pleading of defendant in the cause, the plaintiff was apprised of the nature of defendant's defense, and should have been prepared to meet the same. Under the reasoning and authority of the cases above cited, it does not appear from the record in the instant case that the plaintiff brought itself within the rule that would entitle it to a new trial on the ground of newly discovered evidence.

The third assignment of error is that the court erred in admitting evidence on the part of defendant under which complaint is made of the admission and testimony of the defendant as to a conversation with the board of directors of the plaintiff corporation because it was not shown that the directors were acting in their official capacity and as a board.

The question was asked the witness Douglas:

"Q. Now did you ever take this matter up with the directors? A. Yes, sir. Mr. Cotton: We object to that as incompetent, irrelevant, and immaterial. (Overruled.) We further object because he hasn't stated who they were and where he talked to them, they may not have been board members. Q. Name the place and who they were. A. They were at that meeting of the board of directors, the first one was Johnnie Royce. Now, I am not stating they were directors, but they told me they were and they were at that meeting. Q. Who else? A. Jack Landers, and I said to him one time, 'I would like to meet those directors,' and he said, 'We are going to have a meeting tonight and you can be there,' and I told him I would be there, * * * and I presented my evidence to them that night and they let Mr. Henry present his and they told me not to pay Mr. Henry any more until he put on this new block."

The party, Jack Landers, referred to in the testimony of the witness Douglas, was also called as a witness and testified without objection that he was a member of the board of trustees of the plaintiff corporation; that they did take up before the board the matter of the machine sold defendant;

that defendant met with them at a meeting of the board in May or June, 1925.

We find no reversible error in the admission of the testimony. It reasonably appears that the conversation testified about was at a board meeting of the plaintiff corporation. The third assignment of error does not warrant a reversal of the cause.

From an examination of the entire record we are of the opinion that the same does not show any prejudicial errors warranting a reversal of the cause.

The judgment of the trial court is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 836, §745; 2 R. C. L. p. 90; 1 R. C. L. Supp. p. 391; 4 R C. L. Supp. p. 80; 5 R. C. L. Supp. p. 69; 6 R. C. L. Supp. p. 66. (2) 29 Cyc. p. 886; 20 R. C. L. p. 292; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096; 6 R. C. L. Supp. p. 1202.