## HODGES v. ARMSTRONG.

No. 20403.   Opinion Filed Nov. 3, 1931.

Keller & Cameron and J. W. Dixon, for plaintiff in error.

Sigler & Jackson, for defendant in error.

CLARK, V. C. J.   Defendant in error, J. E. Armstrong, filed in the district court of Love county his petition against Z. T. Hodges, plaintiff in error, for damages alleged to have resulted from the unlawful and wrongful assault by the defendant, Hodges, upon the plaintiff, Armstrong.   Defendant, Hodges, filed an answer by way of a general denial, and further answered that if plaintiff, Armstrong, was injured, it was by reason of the assault of the said Armstrong upon said Hodges and said Hodges acted in his own self-defense.   Upon the issues joined, the cause was tried to a jury and resulted in a verdict for $1,000 damages.

Thereafter a motion for a new trial was filed, and later a motion for new trial was filed on the grounds of newly discovered evidence, which motions were by the trial court overruled and judgment rendered on the verdict of the jury.   From which action and judgment, defendant below, plaintiff in error herein, brought the cause here for review.

Plaintiff in error's first proposition is:

"That the court erred in overruling the application and petition of plaintiff in error to vacate and set aside the verdict and judgment of the court and grant plaintiff in error a new trial on the grounds of newly discovered evidence."

The record in the case discloses that the defendant in error, Armstrong, had lost a yearling and the same was found in Hodges' pasture.   Armstrong went to Hodges' home, went out to the lot and talked to Hodges about the yearling, and the difficulty occurred.   There is considerable conflict in the testimony as to who was the aggressor. The record discloses that during the diffi-

culty Armstrong was knocked to the ground by Hodges and received a broken leg. The record further discloses that Armstrong was a man who weighed about 130 pounds and that Hodges was a larger man, weighing about 200 pounds. From all of the facts and circumstances the verdict of the jury was supported by sufficient testimony and the evidence was sufficient to support the verdict of the jury.

The application for a new trial on the grounds of newly discovered evidence alleged that one Frank Wilkins was an employee of Armstrong prior to the difficulty; that he had heard Armstrong make threats against Hodges. The affidavit of Wilkins was attached to the motion for a new trial. This testimony, if it had been procured prior to the trial, and if Wilkins had testified at the trial, would only have been cumulative. It tends only to prove one fact, and that is that Armstrong was the aggressor. Hodges testified that Armstrong was the aggressor and Raymond Brannon testified at the trial that he had heard Mr. Armstrong say that if Hodges ever crossed his path he was going to kill him, so the newly discovered evidence would only be cumulative, and the matter of granting a new trial is in the sound discretion of the trial court and will not be disturbed by this court on appeal unless it appears that the trial court abused its discretion.

This court in Wysong v. Amarillo National Life Insurance Co., 87 Okla. 125, 209 P. 332, in the first paragraph of the syllabus said:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence. Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023."

This court has held in all cases that the granting or denying a motion for new trial on the grounds of newly discovered evidence is within the sound discretion of the trial court, and where the newly discovered evidence is cumulative, it is not error for the trial court to overrule the application for a new trial on the ground of newly discovered evidence.

The next proposition presented by plaintiff in error is that the court erred in giving instruction No. 4. It is the contention of the plaintiff in error that the defendant in error unlawfully committed assault and battery upon him and as the result thereof he received certain injuries for which he sought damages. The instructions, as a whole, fairly and reasonably stated the law on the issues joined, no requested instructions were asked by plaintiff in error, defendant below, and if the court did not fully instruct the jury, it was the duty of plaintiff in error to offer the proper instructions to the trial court that plaintiff in error's theory of the law might be presented to the jury. Under all of the facts and circumstances in the case, taking the instructions as a whole, it cannot be said that the jury was misled thereby or any prejudicial error was committed by the trial court in giving the same.

The third contention of plaintiff in error is:

"That the verdict of the jury is contrary to law and not supported by the evidence."

No authorities are cited in plaintiff in error's brief supporting this contention, and the same is without merit. Plaintiff in error had a fair trial before jury and lost. There being no prejudicial errors in the record, judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.

Note.—See under (1) 2 R. C. L. 193, 194; R. C. L. Perm. Supp. p. 368; R. C. L. Pocket Part, title "Appeal," § 167. (2) 20 R. C. L. 289, 290; R. C. L. Perm. Supp. p. 4873; R. C. L. Pocket Part, title "New Trial," § 72.