## GRANT v. HARRIS.

No. 22234. June 12, 1934.

W. B. Grant, for plaintiff in error.

Leverett Edwards and T. Murray Robinson, for defendant in error.

OSBORN, J. This action was filed in the district court of Oklahoma county by M. L. Harris against W. B. Grant, wherein plaintiff sought to recover a certain sum of money which represented the profit of a venture which plaintiff alleged was a partnership venture. Issue was joined and the cause tried to a jury, and a verdict rendered in favor of plaintiff. From a judgment thereon, defendant has appealed. The parties will be referred to as they appeared in the trial court.

The record shows that sometime during the year of 1928, plaintiff rented a small tract of land near the Public Market in Oklahoma City from the Oklahoma Railway Company, and built thereon a small restaurant building. Thereafter a controversy arose between plaintiff and the railway company, and the company brought an ejectment action against him and ultimately prevailed. Certain mechanics' and materialmen's liens had been filed against the property and actions to foreclose some of them had been started.

About this time it was discovered that the title of the railway company to the land in question was faulty, that the record title

was in the name of a defunct corporation, and that no taxes had been paid on the land for about 20 years. An arrangement was made whereby defendant furnished the money to buy a tax certificate held by the county treasurer. An application was made and a tax deed taken in the name of defendant. Thereafter a quitclaim deed was executed to the railway company for a consideration of $5,750. Defendant paid to plaintiff approximately $900, but refused to pay any further sum. The above facts are not disputed.

Plaintiff contends that the entire arrangement was a partnership venture; that when he discovered that the title of the railway company was bad, he suggested the procuring of the tax deed to defendant; that plaintiff did not have funds with which to procure the deed; that defendant was to furnish the necessary funds, approximating $900; that plaintiff's improvements on the property were to be valued at $1,000; that the deed was to be taken in defendant's name, because plaintiff was not in position to dispute the title of the railway company. Plaintiff further contends that it was understood that when the property was sold, defendant was to receive credit for the money advanced; that plaintiff was to receive credit for the value of his improvements; that the expenses were to be paid and whatever profit remained was to be equally divided between the parties; that after all allowances had been made and all expenses paid, the profit actually made in the transaction was $3,250, and plaintiff was entitled to one-half, or $1,625.

Defendant contends that there was no such arrangement; that he was to furnish the funds to procure the tax deed, and in the event sufficient profit was made he was to pay to plaintiff the value of the improvements, approximating $900; that he had already paid more than that amount and was not indebted to plaintiff in any sum whatsoever.

The parties hereto treated this case as an action at law, and same is so presented here.

The testimony was sharply conflicting. The jury was fairly instructed and returned a verdict for plaintiff in the sum of $1,625. Defendant contends that the evidence is wholly insufficient to support the verdict, but we cannot agree. Under the facts in this case, we are governed by the rule announced in the case of Temple v. Dugger, 164 Okla. 84, 21 P. (2d) 482, which is as follows:

"Where a general verdict has been rendered, and the judgment rendered on the verdict, and the evidence is conflicting, and there is competent evidence to sustain the verdict, this court will not disturb the verdict and substitute its judgment for that of the jury."

See, also, Whitney v. Miller, 158 Okla. 294, 13 P. (2d) 110; Burt Corporation v. Crutchfield, 153 Okla. 2, 6 P. (2d) 1055; Hodges v. Armstrong, 153 Okla. 11, 4 P. (2d) 735; Chambers v. Cunningham, 153 Okla. 129, 5 P. (2d) 378.

Other contentions advanced by the defendant are without merit.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur.