## FARMERS NATIONAL BANK OF SULPHUR v. BELL.

No. 24567.    Jan. 21, 1936.

Rehearing Denied March 3, 1936.

George M. Nicholson and Ernest B. Lykins, for plaintiff in error.

Blanton, Curtis & Blanton and Jess Dunn, for defendant in error.

PER CURIAM. This is an appeal from the district court of Murray county. The defendant in error was plaintiff in the court below and the plaintiff in error was defendant therein. When not otherwise designated, the parties will be referred to as they appeared before the trial court.

Plaintiff commenced this action in the district court of Murray county, Okla., on December 19, 1930, by petition filed by him against the defendant, which was followed by intervening motions and orders and finally by an answer to said petition, but the real issues were initiated by the plaintiff in his first amended petition filed November 3, 1931, praying judgment in his first cause of action therein for the sum of $7,741.16 and interest thereon at the rate of 6 per cent. per annum from March 20, 1929. The second and last cause of action was disposed of at the hearing on a motion for a new trial on May 7, 1932, by remittitur upon the part of the plaintiff, and by appropriate action of the trial court, and will not be further considered in this opinion except by reference.

The averments of the first cause of action are that on or about the 20th day of March, 1929, plaintiff caused to be forwarded to the Farmers National Bank of Sulphur, Okla., for deposit to his credit the sum of $7,741.16 in the form of a check drawn by the Oklahoma Live Stock Commission Company, in favor of said defendant, on the Stockyards Bank of Oklahoma City, Okla.; that the defendant received said sum in due course and accepted said check, which was so marked as to indicate that credit for the same was to be given to the plaintiff, and that defendant thereby became indebted to the plaintiff in said sum payable upon his demand, and that thereafter, and without plaintiff's consent, the said defendant and its officers and agents converted said money on deposit to its own use and benefit and to a purpose not contemplated by the delivery of said check to said defendant; that demand was made upon defendant for said sum, but that defendant failed and refused to pay plaintiff said sum or any part thereof, but converted said check to its own use and benefit; received the proceeds therefrom, after having indorsed the same and forwarded it to the bank upon which it was drawn; that plaintiff was entitled to recover said sum with interest thereon at the rate of 6 per cent. per annum from March 20, 1929.

For its answer to said first cause of action the defendant denies generally and specifically each and every and all the allegations therein contained, except as to the organization and existence of defendant bank, and further answering denies that plaintiff ever at any time deposited or caused to be deposited to his credit in said bank the sum of $7,741.16, but avers that the defendant did receive a check issued by the Oklahoma Live Stock Commission Company payable to the order of said defendant for said amount; that said defendant received from Jesse C. Moore, a partner (joint adventurer) with said plaintiff and the agent and representative of said plaintiff, instructions to use said check in the purchase of a draft drawn on the Federal Reserve Bank of Kansas City, payable to the order of the Stock Yards Loan Company, for said sum of $7,741.16, and that defendant in pursuance of said instruction so used said check in the purchase of said draft and forwarded the same as directed, and further sets up new matter; that the cattle for which said check was given by said Oklahoma Live Stock Commission Company was jointly owned by E. J. Webb, Jesse C. Moore, and said plaintiff, were consigned to said commission company by E. J. Webb, and the plaintiff merely accompanied said cattle as a caretaker and the check for the payment of said cattle should have been drawn in favor of E. J. Webb, and further denying that Jesse C. Moore acted for and on behalf of said defendant, and that in issuing said draft said defendant acted upon and carried out the instructions of Jesse C. Moore, the agent and representative of said plaintiff. De-

fendant, further answering, sets up as to both counts that E. J. Webb, Jesse C. Moore, and the plaintiff were jointly interested in buying and selling cattle; that a complete accounting and settlement of their said business transactions had been had between E. J. Webb, Jesse C. Moore, and the plaintiff, and that the acts of Jesse C. Moore in receiving and disbursing the funds of said parties were expressly approved and ratified, and that said plaintiff at the time of the settlement agreed that all the sums of money which had at any time been deposited in or passed through said defendant had been fully accounted for and that the defendant is not indebted to plaintiff in any sum whatsoever.

For his reply to defendant's answer to the first count of plaintiff's petition, the plaintiff denies each and every allegation and statement of fact made and contained in said answer, and further specifically denies that said Jesse C. Moore was a partner (joint adventurer) with the plaintiff, and denies that he was the agent and representative of the plaintiff or was authorized to use the check or draft forwarded to defendant for plaintiff's credit on the date mentioned in plaintiff's petition, and especially denies that the said Jesse C. Moore was the agent of said plaintiff or was otherwise authorized to take said $7,741.16 and pay the same to the Stock Yards Loan Company at Kansas City, Mo. Plaintiff further denies that the defendant or the said Moore received any instructions or authority from the plaintiff to use said check in the purchase of said draft or to pay it to the said Stock Yards Loan Company, and alleges that the cattle in question were the property of the plaintiff, and that neither E. J. Webb nor Jesse C. Moore owned or had any interest therein, and denies that E. J. Webb, Jesse C. Moore, or either of them, were engaged with this plaintiff in buying and selling cattle, and denies that any financial transactions were had between them, and that they were engaged in any joint enterprise, and denies that Webb or Moore were authorized to act for plaintiff in any of said financial transactions, but that the said Jesse C. Moore in all of his acts was the agent of the defendant and was its officer and as such officer he had no authority to convert said money to the purpose for which the same was converted by him as the agent and representative of said bank, and denies that said bank carried out the instructions of the said Moore as the agent and representative of the plaintiff.

The case was tried to a jury, which, under instructions given, and after deliberation, re-

turned its general verdict for the plaintiff and against the defendant on his first cause of action for the sum of $7,741.16, with interest thereon at 6 per cent. from March 20, 1929, computed and fixed by the court at $9,386.16, with interest thereon at 6 per cent. per annum, and also on his second cause of action, which was remitted by the plaintiff as heretofore stated, and the verdict of the jury thereon was set aside by the court, all as per journal entry of judgment as of October 18, 1932.

On May 7, 1932, the defendant filed its motion for a new trial and subsequently filed its supplemental motion for a new trial, both of which were heard by the court on October 18, 1932, and were in all things overruled. The defendant excepted and gave notice of its intention to appeal to the Supreme Court and on April 4, 1932, duly filed in said court its petition in error with case-made attached, and the cause is now pending before said court for review.

A number of witnesses testified in the case. The plaintiff in his own behalf gave testimony substantially supporting the allegations of his first cause of action, his testimony being supported by that of other witnesses. Said testimony controverted the averments of defendant's answer and statement of counsel, that plaintiff's cattle were at one time inseparably mixed with the cattle of Webb and Moore, and that a partnership (joint adventure), by the force of circumstances, grew therefrom, and that a settlement entirely satisfactory to plaintiff had been made. The agent or representative of the Stock Yards Company who purchased the 132 head of cattle, payment for which is involved in this action, substantially corroborated the testimony of the plaintiff as to the identity of the cattle in question, which was further supported by exhibits showing the method of remitting the proceeds of the sale to the defendant in payment for said cattle, as evidenced by the notations on the check and on the account sales showing credit given to M. G. Bell.

The defendant testified in its own behalf through its officers and others, the testimony being in furtherance of its averments in its pleadings and the statement of the case by its counsel and supporting in general the denials of its answer. It was likewise corroborated by several witnesses on the points in controversy.

The plaintiff in error sets forth nine assignments in its petition in error, but in its brief waives the fifth, seventh, eighth, and ninth assignments, and classifies its argu-

ments and authorities under three propositions:

First proposition.

(1) "That the court erred in overruling the demurrer of the plaintiff in error to the evidence of the defendant in error."

(2) "That the court erred in overruling the motion of plaintiff in error for a directed verdict in its favor."

—and contends that under the facts disclosed by the uncontroverted evidence, the plaintiff in error was not liable for the acts of Moore in his dealings with or through it in the transaction here involved, for the reason that plaintiff and Moore, the active vice president of the defendant bank, were associated in the cattle business, fed their cattle together, and that Moore handled the check in question as the agent of the plaintiff and not the agent of the bank, and that a full settlement of all transactions arising between all parties concerned had been made.

The plaintiff in error submits for consideration, in support of its contention, the following authorities, and others: State v. Emery. 73 Okla. 36, 174 P. 770; Security Trust & Savings Bank of Charles City, Iowa, v. Gleichman, 50 Okla. 441, 150 P. 908; Morgan, Baldwin & Co. v. Kanola Oil & Rfg. Co. et al., 102 Okla. 26. 226 P. 335; Bank of Overton v. Thompson. 118 Fed. 798; Hilliard v. Lyons, 180 Fed. 685.

A careful reading of said authorities discloses no case identical with the one at bar wherein testimony was adduced (which the jury found true by its verdict) showing that the proceeds of a check transmitted to the defendant bank, indorsed "M. G. Bell—Shipper's proceeds account," was misappropriated by Jesse C. Moore, an active vice president of the bank. in charge at least to the extent that he had access to the mail coming to the bank or the enclosures in said mail. where he had no interest in said fund and had no authority from the owner thereof to control the same; and was not authorized to receive said check or take it and appropriate it to any use, the check being payable to the defendant bank. The defendant contends he did this as a partner, joint adventurer, and agent of Bell after having the express consent to do so by Bell, but such consent was denied by Bell. and on this issue the jury found that Moore was the agent of the defendant bank and not the agent of Bell.

The verdict of the jury in favor of the plaintiff necessarily implied a general find-ing for him on all the controversial points arising in the case, and that the defendant. Farmers National Bank of Sulphur, Okla., through Jesse C. Moore, its active vice president, took the misapplied said $7.741.16 from the plaintiff without permission or authority, and such finding, being reasonably supported by competent evidence, should not be disturbed by the court on appeal.

See Federal Nat. Bank et al. v. McDonald. 129 Okla. 75, 263 P. 105; Hanson v. Brannon, 161 Okla. 265, 18 P. (2d) 517.

We are of the opinion that the trial court committed no error here.

Second proposition.

Plaintiff in error presents here its sixth assignment of error, alleging that the court erred in giving the jury the following in-struction:

"The court instructs the jury that if you find and believe from the fair preponderance of the evidence, that on or about the 20th day of March, 1929, that the plaintiff caused to be forwarded to the Farmers National Bank, a check drawn by the Oklahoma Live Stock Commission Company for the sum of $7,741.16, payable to the defendant, which was indorsed to be credited to the account of the plaintiff, M. G. Bell, and that the de-fendant received said check, and thereafter, without the knowledge and consent of the plaintiff, the said defendant, its officers and agents converted said money and deposited it to its own use and benefit or appropriated it to any other purpose than depositing it to the plaintiff's credit, then in that event, the law would be for the plaintiff as to his first cause of action and you should so find for the full amount of said check, to wit: $7,741.16, with 6 per cent. interest thereon from the 20th of March, 1929."

The question of the responsibility of the defendant bank was, and is. a crucial point in the determination of the case at bar. It will be observed that in its answer the de-fendant acknowledges that it, and not Jesse C. Moore. received this check, but alleges that Jesse C. Moore was a joint adventurer with the agent of plaintiff, Bell; that as such, and by consent of Bell, he instructed said bank to issue said check to purchase a draft with which to pay or to apply on the Stock Yards Company's bill for the amount of the item sued upon, and this. being in contravention of the averments of the plaintiff, brings in issue questions of fact. determinable by the jury, which were properly covered by the instruction objected to by the plaintiff in error. Jesse C. Moore him-self testified that the bank received the check, and not him, and that he did not use it, but

that he directed the officers of the bank to purchase a draft payable to the Stock Yards Loan Company of Kansas City, Mo. In this connection instructions are not required to be technically and absolutely accurate, but substantial accuracy is all that is required.

In Harmon & Sons v. Majors, 51 Okla. 776, 152 P. 450, occurs the following:

"The well-known rule is that on appeal error will not be presumed, but must be made to appear from a full and fair consideration of the whole case, and although there may be error in the record, unless it be made to appear that it resulted in substantial injury or injustice to the complaining party. the judgment must be affirmed." Coyle v. Baum, 3 Okla. 718, 41 P. 389; Ok'ahoma City Land & Development Co. et al. v. Adams Engineering & Blueprinting Co., 51 Okla. 763, 155 P. 496; Cosden Pipe Line Co. v. Berry, 87 Okla. 237. 210 P. 141; Throm v. Hollister, 92 Okla. 233. 219 P. 115; Cole v. Ramsey, 124 Okla. 235, 254 P. 962.

We find no merit in this assignment of error.

Third proposition.

(1) "That the court erred in overruling the motion of the defendant for a new trial."

(2) "That the court erred in overruling the supplemental motion of the defendant for a new trial."

Under this proposition the plaintiff in error, of course, urges that the evidence is not sufficient to support the verdict and that the verdict is contrary to the evidence, and the court should have sustained the motion for a new trial because the verdict was not sustained by sufficient evidence.

It will be recalled that the plaintiff. Bell. denied emphatically that he was associated in the cattle business with Moore or Webb; denied that there was any partnership (joint adventure) between them, and his evidence was strongly supported by the witness Dick McLish, a disinterested party, who represented the purchasing company, and who twice visited the stock pens at Sulphur, Okla., and carefully examined Bell's cattle in a pen to themselves, and he identified the cattle when they arrived in the stock pens at Oklahoma City, for sale. The testimony of McLish on this point is as follows:

"Q. So you don't know if they had their cattle mixed up together? A. Mr. Bell had one pen of cattle, Mr. Webb's were in another and Mr. Moore's in another. They had them divided. Q. You don't know whether those were Webb's or Moore's cattle that were sold under this sale? A. No, I don't know in that way, except that Mr. Bell came up with his cattle and we sent the check to his credit in the bank. Q. Could you tell the Grady Bell cattle from their class and appearance when they came in? Did you get the cattle Bell claimed? A. Yes, we got the cattle we looked at. I was careful about that. The reason I know these cattle were the cattle I looked at was because Mr. Moore wanted his cattle to go to St. Louis and some to Fort Worth. That is the reason we looked so close. We came back and described them to the buyers here. They wanted this class of cattle and these buyers could not buy cattle down there but let us describe them just as they were. That is the reason I made two trips and came back and told the buyers what the cattle were, for I had to almost guarantee the price to keep them from shipping them north. So I am sure I got the cattle we looked at."

There being a sharp conflict in the evidence as to the partnership, joint adventure, or association in the cattle business of the three parties, Bell, Moore, and Webb, as well as to other contributing factors and contested points in the case. it was not within the province of the court to determine whose version of the story was true, but it was peculiarly a question of fact for the determination of the jury, and if the verdict had any substantial evidence to support it, it is immune from invasion by the court.

The rule in this jurisdiction is that in law actions where issues are submitted under proper instructions, the verdict will not be disturbed if reasonably supported by any competent evidence. Wagnon v. Shoptaw, 161 Okla. 291, 18 P. (2d) 868; St. Louis-San Francisco Ry. Co. v. Edwards, 119 Okla. 84, 248 P. 598; Thompson v. Burnett, 167 Okla. 62, 27 P. (2d) 1053; Hanson v. Brannon. 161 Okla. 265, 18 P. (2d) 517; Stout v. Idlett, 161 Okla. 23, 16 P. (2d) 1088; Rittenhouse v. Johnson, 161 Okla. 169. 17 P. (2d) 457.

With reference to the second subdivision under the third proposition, "That the court erred in overruling the supp'emental motion of the defendant for a new trial," the defendant bank, subsequent to May 7, 1932, filed its supplemental motion for a new trial on the ground of newly discovered evidence, and supported the same by affidavits upon the part of several persons to the effect that the plaintiff had made statements to them that the cattle in question became so inseparably mixed that he, Moore and Webb were compelled thereby to, and did, form a partnership (joint adventure) as to the cattle, and each took a one-third interest therein. The plaintiff in turn filed affidavits opposing those of the defendant, and it appears from the record that several of defendant's affiants were living in the immediate neighbor-

hood of Sulphur, Okla., when the cattle in question were being fed, and all but one had worked for Moore, and that said defendant, through Jesse C. Moore, its officer, should have known of such and could have secured their testimony at or for the trial. The weight of the affidavits is, at least, as favorable to Bell as to the defendant bank.

In Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, the court states as follows:

"A rule of wide recognition regarding the granting of new trials on the ground of newly discovered evidence exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the results if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

The above rule was reaffirmed in Hodges v. Armstrong, 153 Okla. 11, 4 P. (2d) 735; City of Muskogee v. McMurry, 155 Okla. 203, 8 P. (2d) 670; Federal Surety Co. v. Little, 156 Okla. 75, 9 P. (2d) 447; Morin v. Jeter. 121 Okla. 262, 249 P. 710; Summers v. Williams. 128 Okla. 9, 260 P. 1064; Smith v. Garis. 125 Okla. 106, 256 P. 753; M., K. & T. Ry. Co. v. Embrey, 168 Okla. 433, 33 P. (2d) 481.

Under the rules of this court the facts constituting due diligence must be set forth in the motion for a new trial, and a denial of any knowledge of the newly discovered evidence in time to have produced it at the trial. It is not enough to merely allege that such evidence could not have been discovered by the exercise of due diligence, but the facts showing due diligence must be set forth in order that the court may determine if due diligence be shown, and this must be made manifest by the motion itself, and the facts set forth in the motion must be verified by the affidavit of the complaining party and not by his attorney. The plaintiff in error did not place itself within the purview of this well established rule. Morgan v. Bell (Kan.) 21 P. 255; Howard v. Owens, 142 Okla. 82, 285 P. 5; Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090; Bellis v. Radabaugh et al., 134 Okla. 9, 272 P. 423; Frank v. Harjo, 142 Okla. 157. 286 P. 14; State National Bank of Shawnee v. Woodward, 136 Okla. 26, 275 P. 1045; Bryan v. Ramsey, 115 Okla. 133, 242 P. 222; 46 C. J. 379. 383. 384, 388, 448, 449.

This court in Burns v. Vaught, 27 Okla. 711, 113 P. 907, states as follows:

"There is not a sufficient showing of diligence to discover the omitted evidence to warrant us in saying the court below committed error in refusing to grant a new trial on that ground. 'A motion for new trial on the ground of newly discovered evidence should show that the applicant used due diligence to procure and present the evidence on the trial and the facts constituting the diligence must be shown, so that the court may determine whether the diligence used was sufficient.'" Twine et al. v. Kilgore, 3 Okla. 640, 39 P. 388; Eskridge v. Taylor, 75 Okla. 139, 182 P. 517; Bryan v. Ramsey, 115 Okla. 133, 242 P. 222; Lamb v. Alexander, 83 Okla. 292, 201 P. 519.

See, also, Chetopa Motor Co. v. Douglas, 132 Okla. 92, 269 P. 365; Manufacturers Finance Co. v. Sherman, 99 Okla. 295, 227 P. 451; Cogswell Lbr. Co. v. Manahan, 135 Okla. 174, 274 P. 871; Plumbers Supply Co. v. Standard Paving Co., 135 Okla. 196, 274 P. 889; Bardon v. Endejan, 128 Okla. 293, 262 P. 693; Sample v. King, 126 Okla. 63, 258 P. 913.

The substance of the affidavits supporting the defendant bank's motion for a new trial was merely cumulative to former evidence, and impeaching in its nature and not such as would likely change the result if a new trial had been granted, and thus fails to meet the requirements of the law and the rules of this court. Furthermore, a motion for a new trial on the ground of newly discovered evidence is not favored by the courts, as shown by the following authorities: Summers v. Williams, 128 Okla. 9, 260 P. 1065; Federal Nat. Bank v. Sartin, 114 Okla. 244, 246 P. 617; Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023; First Nat. Bank of Taloga v. Farmers State Guaranty Bank of Thomas et al., 62 Okla. 30, 161 P. 1063; Ellis v. Mid-Continent Oil & Gas Co., 65 Okla. 124, 165 P. 177; Jones v. Adams, 114 Okla. 138, 244 P. 189; Seidenbach's v. Oliver, 146 Okla. 34, 293 P. 222; Mann v. Wilson, 117 Okla. 239, 246 P. 464.

Moreover, a motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and where the record does not show an abuse of such discretion, the court's action on such motion will not be disturbed by this court. We have been unable to find anything in the record indicating that the trial court abused its discretion in overruling the motion for a new trial on this ground in the case at bar. We therefore

conclude, and so find, that there is no merit in the matters presented under the assignments of error covered by the third proposition.

Upon a complete and careful examination of the entire record, it is our finding and conclusion that the case was fairly and impartially tried by the court, and by it submitted under proper and complete instructions sufficiently and adequately defining and presenting all the issues and theories of the parties to the action, as raised by the respective pleadings therein, and that no material errors were committed by the trial court in its rulings as to the admission or rejection of evidence, or in its instructions, or during the trial, and the verdict of the jury being reasonably sustained by the evidence, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge O. H. P. Brewer in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion was adopted by this court.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.